John D. DEAN, Plaintiff–Appellant,

v.

David BARBER, Mel Bailey, Jefferson County's Sheriff's Department, Defendants–Appellees.

No. 90–7172.

United States Court of Appeals, Eleventh Circuit.

Jan. 27, 1992.

Mitchell H. Damsky, Birmingham, Ala., for plaintiff-appellant.

Dominick, Fletcher & Yeilding, Birmingham, Ala., for Mel Bailey.

Before KRAVITCH and EDMONDSON, Circuit Judges, and HENDERSON, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

Invoking 42 U.S.C. § 1983, John D. Dean sued Sheriff Mel Bailey of Jefferson County, Alabama, the Jefferson County Sher-

iff's Department and Jefferson County District Attorney David Barber. Dean claimed his constitutional rights were violated by defendants' policies which led to a violent attack upon Dean by a fellow inmate of the Jefferson County Jail. Dean argues on appeal that the district court erred by (a) granting summary judgment in favor of defendant Sheriff Mel Bailey, (b) dismissing Dean's claim against the Jefferson County Sheriff's Department, (c) denying Dean's motion to join additional defendants, and (d) denying Dean's request for court-appointed counsel. We vacate the grant of summary judgment against Dean and remand for further consideration; we vacate as well the district court's denial of Dean's motion to add as a defendant the Chief Correctional Officer of the Jefferson County Jail. We affirm all other points on appeal.

## I. BACKGROUND

In January 1988, Dean was a pretrial detainee in the Jefferson County Jail in Birmingham, Alabama. He had been arrested on two counts of robbery. Because of the underlying robbery charges, Dean was classified as "violent" and held in the F Block of the Jail. F Block was one of seven cellblock houses on the Jail's eighth floor, each of which contained up to twelve prisoners classified as "violent."

Carnell Jackson was also an F Block inmate. Jackson had originally been imprisoned after being convicted and sentenced to death for murder and rape; but, in 1988, he was being held at the Jefferson County Jail awaiting a new trial following a successful appeal based upon purposeful discrimination during jury selection at Jackson's original trial. Jackson had already served six years on death row.

Dean and Jackson were apparently watching television, or perhaps standing by the television, in an area of F Block called the "dayroom." Jackson turned down the volume on the television and asked Dean if he could hear the television. Dean said he could not and reached to turn up the volume. For reasons unexplained in the

record, Jackson then punched Dean in the face. Dean backed away from the assault, and Jackson reached into his shirt pocket and pulled out a knife-like weapon made from a toothbrush and a razor blade. Jackson wrestled Dean to the ground, where he slashed at Dean's neck with the knife and repeatedly pounded Dean's head on a concrete step. While other inmates dragged Jackson off Dean, one inmate alerted Deputy Sheriff James Burns, who had not seen Jackson attack Dean but who was the sole guard on duty at the time of the attack. The other two deputies assigned to duty on the eighth floor of the Jail were out to lunch.

Deputy Sheriff Burns, upon seeing the bleeding Dean, immediately called for help from the Jail's central control and also called for a medic. Three deputies responded to the incident, and Dean was removed from F Block to receive medical care within minutes.

As a result of the assault, Dean sustained head injuries and a four-inch gash on his neck that required fourteen stitches. Dean asserts that he has undergone brain surgery to remove damaged blood vessels near his brain caused by the injuries inflicted by Jackson.

Dean filed his pro se section 1983 claim against defendant-appellees in 1989. He claimed that, due to lack of inmate classification and inadequate security at the Jefferson County Jail, Dean's Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment substantive due process rights were violated.

The district court judge referred Dean's claim to a magistrate judge, who recommended (1) granting Dean's motion to proceed in forma pauperis, (2) dismissing Dean's complaint against District Attorney Barber because Dean had no judicially cognizable constitutional interest in the prosecution of another,[1] (3) dismissing Dean's complaint against the Jefferson County Sheriff's Department because the Department was not a proper party subject to suit

---

**1.** Dean does not appeal the dismissal of his    claim against Barber.

under section 1983, and (4) allowing the suit against Sheriff Bailey to proceed and requiring Bailey to submit a special report that responded to Dean's allegations. Dean never objected to this first report and recommendation of the magistrate judge.

Dean filed interrogatories and production requests on June 8, 1989. On June 28, the magistrate judge ordered that Sheriff Bailey's special report would be treated as a Motion for Summary Judgment and that Dean would have twenty days to object to the report. Dean also filed a motion to join as defendants various Jefferson County Commissioners and a fictitious defendant who allegedly was responsible for the supervision of the Jail.

Sheriff Bailey answered Dean's interrogatories; but Dean, who was dissatisfied with Bailey's responses, filed a motion to compel discovery and complete answers to Dean's interrogatories, listing specifically what he felt were deficient answers. At the same time Dean, who had been given three time extensions on this final response to Bailey's summary judgment motion, filed his second response to Bailey's special report.

The magistrate judge's second and final report recommended denying Dean's motion to add defendants and granting Bailey's summary judgment motion against Dean. The district court adopted the magistrate judge's reports and recommendations over Dean's objection. Neither the magistrate judge nor the district court judge mentioned Dean's motion to compel, which was never ruled upon. This appeal followed.

## II. DISCUSSION

We note before addressing the merits of Dean's appeal that Dean proceeded as a pro se complainant in the district court. This circuit and the Supreme Court have stated that pro se complaints are given more leeway than complaints submitted by litigants represented by lawyers. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) ("[W]e hold [pro se complaints] to less stringent standards than formal pleadings drafted by lawyers."); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir.1984) (pro se prisoner complaint governed by less stringent standards than formal pleadings). Dean's pleadings, therefore, will be looked at with special care.

### A. Summary Judgment

The district court erred by granting summary judgment without ruling on Dean's motion to compel discovery. Because discovery matters are "committed to the sound discretion of the district court, ... we review [this question] under an abuse of discretion standard." *Patterson v. United States Postal Service*, 901 F.2d 927, 929 (11th Cir.1990). By effectively ignoring Dean's motion to compel, the district court abused its discretion.

"[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga.*, 859 F.2d 865, 870 (11th Cir.1988). Here, although Sheriff Bailey responded to Dean's interrogatories, we cannot say from the record that the responses were complete or that Dean had an adequate opportunity to discover the facts necessary to justify his opposition to Sheriff Bailey's motion for summary judgment. We note, for instance, that Dean asked for the procedures relied upon by the Jail to classify and to separate prisoners; in response, he got what appears to be the initial step in classification. *See* Record at Tab 17, attachment 1 (Jail Policy and Procedures: Operational Area, section 03.01—Classification of Inmates). Dean did not get the separate documents referred to in section 03.01 of the Jail Policy Procedures or the means by which section 03.01 was implemented. For another example, we see that Dean requested the Jail's history of violent incidents among prisoners, including the classification of the inmates involved; in response, Dean got nothing. As one final example, we note that Dean requested Jackson's history of violent acts while in jail; in response, he got the answer "Unknown." These requested items, and oth-

ers not enumerated here,[2] seem relevant to Dean's case and, barring a valid showing to the contrary by Sheriff Bailey, seem discoverable. A party opposing summary judgment should be given the opportunity to discover information relevant to the summary judgment motion. *Snook,* 859 F.2d at 870. We think Dean may have been denied this opportunity.

■ Because the district court abused its discretion by ignoring Dean's motion to compel, the grant of summary judgment on a potentially inadequate record was improper and must be vacated.[3] "On remand the district court should consider [Dean's] motion to compel in light of the rules governing discovery and should order the requested documents [and information] produced as appropriate. Once there is an adequate record, the district court may again consider [Sheriff Bailey's] motion for summary judgment." *Snook,* 859 F.2d at 871.

### B. *Jefferson County Sheriff's Department*

■ The district court correctly dismissed Dean's claim against the Jefferson County Sheriff's Department. We agree with the magistrate judge's conclusion, which was adopted by the district court, that the Jefferson County Sheriff's Department is not a legal entity and, therefore, is not subject to suit or liability under section 1983. In so concluding, we reject Dean's reliance on *Monell v. Department of Social Services,* 436 U.S. 658, 690, 98 S.Ct. 2018, 2035, 56 L.Ed.2d 611 (1978), where the Supreme Court held that Congress "intend[ed] municipalities and other local government units to be included among those persons to whom § 1983 applies." The question here is not whether the Jefferson County Sheriff's Department is a "person" for the purposes of liability under *Monell* and section 1983, but whether the Department is a legal entity subject to suit.

■ Sheriff's departments and police departments are not usually considered legal entities subject to suit, *see, e.g., Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir.1985) (Denver Police Department not suable entity), *vacated,* 475 U.S. 1138, 106 S.Ct. 1787, 90 L.Ed.2d 333 (1986) (remanding for consideration of mootness), *vacated as moot,* 800 F.2d 230 (1986) (no controversy because plaintiff withdrew from case); *Post v. City of Fort Lauderdale,* 750 F.Supp. 1131 (S.D.Fla.1990); *Shelby v. City of Atlanta,* 578 F.Supp. 1368, 1370 (N.D.Ga.1984); *Ragusa v. Streator Police Department,* 530 F.Supp. 814, 815 (N.D.Ill. 1981), but "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Fed. R.Civ.P. 17(b);[4] *see also Shaw v. Califor-*

---

**2.** Our list of potentially inadequate responses is nonexclusive.

**3.** Even though Dean did not literally invoke Fed.R.Civ.P. 56(f) (permitting district court to continue decision on summary judgment motion upon proper showing by plaintiff), Dean complied with the Rule's requirements by expressly bringing to the district court's attention in Dean's motion to compel that discovery was outstanding and expressly requesting the district court to "continue any summary judgment ruling that might prejudice the plaintiff until the defendants comply with said order [to compel]." Record at Tab 20. This request was enough, especially given Dean's pro se status.

**4.** This state-law determination of capacity to be sued is subject to the exception "that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or the

laws of the United States." Fed.R.Civ.P. 17(b)(1). Nothing in the language of Rule 17(b) or in the early case law that led to the adoption of Rule 17, *see United Mine Workers v. Coronado Co.,* 259 U.S. 344, 384, 42 S.Ct. 570, 574, 66 L.Ed. 975 (1921) (excepting United Mine Workers' Union from common-law nonsuable capacity of unincorporated associations because of enormous financial power of union and because of Congress' purpose in passing Anti–Trust Law) warrants an extension of Rule 17(b) to government units. Also, nothing in the advisory committee notes to Rule 17 or in the case law interpreting and applying Rule 17 has ever extended this "unincorporated association" exception to government units, subdivisions or agencies. We conclude, therefore, that the Jefferson County Sheriff's Department is not an "unincorporated association" for purposes of Rule 17. *Cf. Erie Human Relations Comm. v. Tullio,* 493 F.2d 371, 376 (3rd Cir.1974) (Adams, J., concurring) (suggesting that Rule 17(b) applies only to private entities that are well-established repre-

*nia Dep't of Alcoholic Beverage Control,* 788 F.2d 600, 605 (9th Cir.1986) (relying on California law to hold that San Jose Police Department may be sued in federal courts). Under Alabama law, a county sheriff's department lacks the capacity to be sued. *White v. Birch,* 582 So.2d 1085, 1087 (Ala. 1991). The district court, therefore, correctly dismissed Dean's case against the Jefferson County Sheriff's Department.[5]

### C. Motion to Join Additional Defendants

■ The district court correctly denied Dean's motion to join the Jefferson County Commissioners as additional defendants. The decision to join additional parties is left to the discretion of the district court and will not be disturbed unless that court has abused its discretion. *Cf. Fritz v. American Home Shield Corp.,* 751 F.2d 1152, 1154 (11th Cir.1985).

■ Dean alleges in his joinder motion that, because the Jefferson County Commission has control of all county-owned property, the Commissioners knew or should have known of the conditions at the county-owned Jefferson County Jail. He further alleges that this presumed knowledge shows deliberate indifference to alleged constitutional violations. These allegations, even under a liberal construction, support no cause of action under section 1983 because Dean attempts to hold the Commissioners liable in their supervisory capacity. While a supervisor may be held liable under section 1983 if the supervisor had personal involvement in the constitutional deprivation or if a sufficient causal connection exists between the supervisor's conduct and the constitutional violation, *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir.1989), Dean alleges no personal involvement or sufficient causal connection to support a section 1983 cause of action. Dean's allegations amount to no more than an attempt to hold the Commissioners liable under the respondeat superior theory, which is unavailable under section 1983. *See Monell,* 436 U.S. at 691, 98 S.Ct. at 2036. The district court, therefore, acted within its discretion in denying Dean's motion to add the Commissioners as defendants.

■ The district court erred, however, by denying Dean's motion to join the "John Doe" defendant. The district court said that the Doe defendant was an inadequately identified fictitious party. We stated at the outset that pleadings of pro se complainants are treated with special care. Here, Dean attempted to add as a defendant the "Chief Deputy of the Jefferson County Jail"—what Alabama calls the Chief Correctional Officer. *See* Record at Tab 7 (Affidavit of S.W. Latta, Chief Correctional Officer). Dean expressly stated in his joinder motion that he had yet to receive Sheriff Bailey's special report. Had Dean received this report before moving the court to join additional defendants, he would have been able to name Latta as the Chief Correctional Officer of the Jefferson County Jail.

"It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name.[6] Also, one may be able to describe

sentatives of groups of people, such as labor organizations).

5. We also recognize that Dean's suit, to the extent that it attempts to hold Sheriff Bailey or other members of the Jefferson County Sheriff's Department liable in their official capacity under section 1983, is barred because the sheriffs are employees of the State of Alabama. Dean's suit against the sheriffs in their official capacity, therefore, is prohibited by the Eleventh Amendment because the State of Alabama is the real party in interest. *Cf. Free v. Granger,* 887 F.2d 1552, 1557 (11th Cir.1989). We reject, however, Sheriff Bailey's argument that Dean's entire suit against Bailey is barred by the Eleventh Amendment; that portion of Dean's suit that seeks damages from Sheriff Bailey in his individual capacity survives. The face of Dean's complaint expressly states that he is suing Sheriff Bailey both in his official and *individual* capacity.

6. The district court presumably relied on Dean's use of the name "John Doe" to deny Dean's joinder motion. We find Dean's use of the name to be, at the very worst, surplusage. Dean specified the person in charge of the Jefferson County Jail. If no similar post existed, we might be influenced to find that Dean had cho-

an individual (e.g., the driver of an automobile) without stating his name precisely or correctly." *Bryant v. Ford Motor Co.*, 832 F.2d 1080, 1096 n. 19 (9th Cir.1987) (Kozinski, J., dissenting) (citations omitted).

Under the circumstances in this case, Dean should have been allowed to add "Chief Deputy of the Jefferson County Jail John Doe" as a defendant. *See, e.g., Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.1980) (allowing use of unnamed defendant where it was clear that discovery would uncover defendant's identity). Dean described with sufficient clarity the head of the Jefferson County Jail as his additional defendant and brought to the attention of the court that Dean had yet to receive Sheriff Bailey's report, which would have provided Dean with the information needed to specifically name the "Chief." Further, Dean's description was sufficiently clear to allow service of process on the "Chief." *See Keno v. Doe*, 74 F.R.D. 587, 588 n. 2 (D.N.J.1977) ("[C]omplaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served."), *aff'd without opinion*, 578 F.2d 1374 (3rd Cir.1978). Especially in the light of Dean's status as a pro se complainant and the adequate clarity in his joinder motion, we conclude that the district court abused its discretion by denying Dean's motion to add the Chief of the Jefferson County Jail as a defendant. The denial is therefore vacated and remanded for further consideration.

While we hold that the district court erred in relying on fictitious-party practice to deny Dean's motion to add the "Chief" as a defendant, we do not hold that Chief Latta is a proper defendant in this case. We leave that to the district court to reconsider. For example, Dean's joinder motion alleges Latta's personal and direct involvement; should further development of facts show that, in truth, Dean seeks to hold Latta liable only in his supervisory capaci-

ty, Latta would not be a proper defendant. *See Monell*, 436 U.S. at 691, 98 S.Ct. at 2036 (respondeat superior unavailable in section 1983 action).

### D. Court–Appointed Counsel

■ The district court correctly denied Dean's request for court-appointed counsel. Section 1915(d) of title 28 leaves the decision to appoint counsel to the discretion of the district court. 28 U.S.C. § 1915(d). Here, the district court did not abuse its discretion in denying Dean's request for counsel.

"A civil litigant, including a prisoner pursuing a section 1983 action, has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987) (citations omitted). We cannot say the issues in this case are so novel or complex that the district court abused its discretion in declining to appoint counsel.

### III. CONCLUSION

The summary judgment granted in favor of Sheriff Bailey is VACATED and the case is REMANDED for further consideration not inconsistent with this opinion. The district court's denial of Dean's motion to join as a defendant the Chief Correctional Officer of the Jefferson County Jail is also VACATED. The remaining portions of the district court's judgment are AFFIRMED.

VACATED and REMANDED in part, AFFIRMED in part.

sen a fictitious defendant. Here, though, the proposed defendant existed; and Dean adequately described the person to be sued so that the person could be identified for service. The analogue would be a case in which the governor of a state had been sued: a pleading, especially a pro se pleading, specifying only the "Governor of Alabama" as a defendant would—we suppose—satisfy Fed.R.Civ.P. 10(a) even if the plaintiff did not use the governor's given name.