**[DO NOT PUBLISH]**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE ELEVENTH CIRCUIT**
_____

**No. 05-13385**
**Non-Argument Calendar**
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-03390-CV-CC-1

JEROME JOINER,

Plaintiff-Appellant,

versus

FULTON COUNTY, GEORGIA,
SANFORD JONES,
Fulton County Juvenile Court Chief,
Presiding Judge, in his official and,
individual capacities,
MICHAEL N. WILSON,
Court Administrator, Fulton County,
Juvenile Court, in his official and,
individual capacities,
FULTON COUNTY POLICE DEPARTMENT,
GLENN E. MARTIN,
in his official and individual capacities,
FULTON COUNTY PERSONNEL BOARD,
Director of Personnel,
ROBERT O. BRANDES, JR.,
in his official and individual capacities,
KIMBERLY M. HARRIS,
in her individual capacity,

Defendants-Appellees.

_____

**Appeal from the United States District Court**
**for the Northern District of Georgia**
_____

**(December 22, 2005)**

**Before DUBINA, HULL and KRAVITCH, Circuit Judges.**

**PER CURIAM:**

Plaintiff-Appellant Jerome Joiner appeals the district court's grant of

summary judgment in his civil rights action, 42 U.S.C. § 1983, and the dismissal of

his pendant state law claims.

## I. Background

Joiner filed a pro se § 1983 civil rights complaint against Fulton County

("the County"), Juvenile Court Judge Sanford Jones, Court Administrator Michael

Wilson, Director of the County Personnel Board Robert Brandes, and Police

Officer Glenn Martin, all in their official and individual capacities (collectively

"the defendants" or "the appellees").[1]  Joiner alleged that the defendants violated

his First, Fourth, Fifth, and Fourteenth Amendment rights when they terminated

his employment as a probation officer and arrested him based on false allegations

---

[1] Joiner also named Kimberly Harris, a minor female.  The district court dismissed the claims against Harris because Joiner had not effectuated service of process.  Because Joiner does not challenge this dismissal on appeal, he has abandoned the issue.  Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).  Thus, Harris is not a party to this appeal.

2

of inappropriate sexual conduct. He further alleged that these actions resulted in defamation, intentional infliction of emotional distress, and invaded his privacy. Joiner also moved for the appointment of counsel, which the court denied.

The district court conducted the required screening under 28 U.S.C. § 1915 and dismissed the allegations of violations under the First and Fifth Amendments for failure to state a claim. The court permitted the claims under the Fourth and Fourteenth Amendments to proceed, along with the privacy and state law claims.

The underlying events leading to Joiner's termination are as follows: Joiner was employed as a Probation Officer in the Juvenile Court. In August 2000, sixteen-year-old Kimberly Harris and her father Otis Welch contacted Court Administrator Wilson and Judge Jones, accusing Joiner of using his position with the juvenile court to obtain Harris's personal information and engage in an inappropriate relationship. Joiner learned of the allegations in a meeting with Wilson during which Joiner explained his side.[2] Wilson placed Joiner on administrative leave and requested that Officer Martin conduct an investigation.[3]

---

[2] Joiner admitted knowing and contacting Harris. He stated that he first met her at a pawn shop, she gave him her phone number, and she told him she was 21 years old. He further admitting writing letters to Harris.

[3] In his complaint, Joiner alleged that the investigation did not occur until after his dismissal, thereby violating his due process rights. A review of the record, however, contradicts that claim. Joiner was notified that Wilson was considering Joiner's termination and that Joiner had the opportunity to present his side during a meeting with Wilson. In the same letter, Wilson informed Joiner that he had turned the matter over for investigation.

3

Wilson further instructed Joiner not to contact Harris. Nevertheless, Joiner went to Harris's home after 11 p.m. the day after his suspension.

As part of the investigation, both Harris and Welch provided separate sworn statements concerning Joiner's behavior. Joiner later was arrested and charged with solicitation of sodomy, pandering, sexual battery, and stalking. Ultimately, the charges were dead docketed and the arrest record was expunged.

The defendants moved for summary judgment, to which Joiner objected.

The district court granted summary judgment in favor of the defendants and dismissed the state law claims without prejudice. First, the court found that the claims against the defendants in their official capacities were duplicative of the claims against the County. Second, the court concluded that the County was not liable because, although the defendants were able to initiate personnel decisions, they were not the policy makers given that the decisions were subject to review. The court noted that there was no liability under a theory of respondeat superior and that Joiner had not proffered any evidence that the County had a policy or custom that lead to the alleged violation. Third, the district court found that the defendants were entitled to qualified immunity for those claims against them in their individual capacities because they acted within their discretionary authority in terminating and investigating Joiner, and there was no evidence that they violated

4

clearly established rights or that they knew the allegations to be false. The court determined that the investigation supported the defendants's decisions to suspend and terminate Joiner, and gave arguable probable cause for Joiner's arrest. The court further noted that Wilson held a meeting with Joiner and Joiner's attorney to inform him of the suspension and investigation, and that the Personnel Board and state court upheld Joiner's termination. Finally, the court declined to exercise pendant jurisdiction over the state law claims after dismissing the federal claims.

## II. Joiner's Appeal

On appeal, Joiner raises two issues: (1) whether the court abused its discretion by denying his motion for appointment of counsel, and (2) whether summary judgment was proper on the grounds that the defendants were entitled to Eleventh Amendment and qualified immunity.

### A. Appointment of Counsel

We review the denial of a plaintiff's motion for appointment of counsel for abuse of discretion. Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999). A plaintiff in a civil case has no constitutional right to counsel, and the district court has broad discretion in making this decision. Id.; Killian v. Holt, 166 F.3d 1156, 1157 (11th Cir. 1999). The court should appoint counsel only in exceptional circumstances. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). Here, the

legal issues involved in Joiner's case are not so novel or complex as to require counsel. Therefore, the district court did not abuse its discretion.

B. Summary Judgment

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Skrtich v. Thorton, 280 F.3d 1295, 1299 (11th Cir. 2002). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

After a thorough review of the record, we affirm the grant of summary judgment for the reasons given in the district court's opinion dated June 7, 2005.

**AFFIRMED.**