[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 17, 2007
THOMAS K. KAHN
CLERK

--------------------------------------

No. 06-12849
Non-Argument Calendar

--------------------------------------

D.C. Docket No. 05-00921-CV-ORL-22-JGG

JACK CATALDO,

Plaintiff-Appellant,

versus

ST. JAMES EPISCOPAL SCHOOL,

Defendant-Appellee.

--------------------------------------------
Appeal from the United States District Court
for Middle the District of Florida
--------------------------------------------

**(January 17, 2007)**

Before EDMONDSON, Chief Judge, TJOFLAT and HULL, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jack Cataldo, proceeding pro se, appeals the dismissal of his Title VII complaint and the denial of his request for appointed counsel. No reversible error has been shown; we affirm.

Cataldo filed suit claiming that Defendant-Appellee St. James Episcopal School ("St. James") terminated his employment as a part-time guitar teacher based on discriminatory reasons -- religion, gender, gender plus marital status, gender plus pre-school aged child -- in violation of Title VII, 42 U.S.C. § § 2000e et seq. Cataldo also alleged that St. James refused to rehire him in retaliation for his threat to file an official complaint and to picket the school.

Before filing his Title VII suit in federal district court, Cataldo filed with the Florida Commission on Human Relations ("FCHR") a charge of religious, gender and marital status discrimination against St. James based on his termination (the "State proceedings"). Briefly stated, Cataldo claimed his was discriminated against because of his (i) Hindu faith; (ii) status as a male; (iii) status as an unmarried male; and (iv) status as an unmarried male seeking custody of his child. An evidentiary hearing was held before an administrative law judge ("ALJ"). During the hearing, the ALJ determined that the religious discrimination claim was due to be dismissed because St. James was exempt from religious discrimination claims under Chapter 760 of the Florida statutes. At the conclusion of the hearing, the ALJ issued a recommended order concluding that Cataldo had failed to establish a prima facie case on his other discrimination claims. The ALJ also concluded that even had Cataldo established a prima facie case of

2

discrimination, St. James proffered a legitimate, nondiscriminatory reason -- an arrest record for domestic violence -- for its decision to discharge Cataldo. The FCHR adopted the ALJ's findings of fact and conclusions of law. Cataldo appealed the FCHR order to the Fifth District Court of Appeal. After oral argument, the FCHR order was affirmed.

St. James filed a motion to dismiss Cataldo's federal suit arguing that principles of collateral estoppel barred the relitigation of Cataldo's claims. The district court agreed and granted the motion.

The Full Faith and Credit Clause, U.S. Const., Art. IV, implemented by 28 U.S.C. § 1738,[1] requires that federal courts afford the same full faith and credit to state court judgments that would be given by other courts of that state. Dean Witter Reynolds Inc. v. Byrd, 105 S.Ct. 1238, 1243 (1985). And, the Supreme Court has determined that Title VII claims are subject to the commands of section 1738. See Kremer v. Chem. Constr. Corp., 102 S.Ct. 1883, 1893-96 (1982). A state court decision upholding an administrative body's findings has preclusive effect in a later federal judicial proceeding when two conditions are met: (1) the

---

[1]28 U.S.C. § 1738 provides:

> Such Acts, records and judicial proceedings ... shall have the full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken.

state court decision would bind courts of that state; and (2) the state proceedings resulting in the decision comported with due process. Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999). For collateral estoppel to apply, Florida law requires that an identical issue be fully litigated by the same parties or their privies and that a final decision be rendered by a court of competent jurisdiction. See Quinn v. Monroe County, 330 F.3d 1320, 1329 (11th Cir. 2001).

Cataldo's federal religious discrimination claim shares an identity of facts and parties with his religious discrimination claim in the State proceeding. Cataldo argued before the district court and argues on appeal that this issue was not litigated fully in the State proceeding because the ALJ decided the issue on a motion to dismiss. The ALJ, after hearing oral argument on the issue, concluded that St. James could have committed no discrimination on the basis of Cataldo's religion because St. James was exempt from coverage under the Florida Civil Rights Act as a religious educational institution. By virtue of this finding, St. James is also exempt from coverage under Title VII. See Wilbur v. Correctional Servs. Corp., 393 F.3d 1192, 1195 n.1 (11th Cir. 2004). Our review of the State proceeding confirms the district court's conclusion that Cataldo was afforded a full and fair opportunity to litigate this claim before the ALJ consistent with due

4

process standards. Cataldo's religious discrimination claim was due to be dismissed for failure to state a claim.

Cataldo's gender, gender plus marital status and gender plus pre-school-aged-child discrimination claims also share an identity of facts and parties with his corresponding discrimination claims in the State proceeding. And here, too, the ALJ's findings are dispositive of Cataldo's claims. In addition to finding that Cataldo failed to establish a prima facie case on the gender and gender plus marital status claims in the State proceeding,[2] the ALJ determined that even if a prima facie case could be shown, St. James "presented a legitimate, nondiscriminatory reason for discharging [Cataldo] based on his arrest record for domestic violence." The issue of whether St. James's proffered reason for terminating Cataldo -- his arrest record -- was a pretext for discrimination was litigated fully before the ALJ, determined adversely to Cataldo, and affirmed by the FCHR and the Fifth District Court of Appeals. Cataldo's gender, gender plus marital status and gender plus pre-school aged child claims were due to be dismissed for failure to state a claim.

---

[2]We recognize that no exact correspondence exists with the claims in the State proceeding because Cataldo added a gender plus pre-school-aged-child discrimination claim in the federal suit. But it necessarily follows from Cataldo's inability to show a similarly situated employee outside the protected class on his gender and marital status claims that he could show no similarly situated employee outside the protected class on the more specific gender plus pre-school-aged-child charge.

Cataldo argues that collateral estoppel can have no application to his retaliation claim because he made no retaliation claim in the State proceedings. Cataldo is correct that he uses the term "retaliation" for the first time in his Title VII amended complaint; he fails to recognize, however, that he argued in the State proceeding that St. James refused to give him his job back and refused to reconsider him for the position despite his girlfriend's willingness to explain the circumstances (and presumably exculpate Cataldo) of the domestic violence charge. The ALJ heard testimony about Cataldo's efforts to convince St. James to rehire him and testimony about Cataldo's menacing behavior when he was fired and about his threats to picket the school and otherwise create bad publicity. The ALJ determined that the discharge decision was based on Cataldo's criminal history report and that Cataldo's post-discharge conduct confirmed the discharge decision.

Cataldo's complaint suggests that he threatened to file a discrimination charge and, as a consequence of that threat, St. James advised that they would never give him his job back.[3] But the ALJ findings make clear that Cataldo's criminal history report and behavior cemented St. James's decision to not re-

---

[3] We note that Cataldo testified before the ALJ that he threatened to picket and otherwise to bring bad publicity to St. James; this testimony made no mention of a threat to file a discrimination charge.

employ Cataldo. Even if we were to accept that Cataldo threatened to engage in protected activity, Cataldo points to no adverse employment act post-dating his termination. And even if we were to assume, arguendo, the requisite adverse employment act, Cataldo's retaliation claim is defeated because he can show no causal link between the alleged failure to rehire and protected expression. The ALJ's factual findings that St. James severed permanently its employment relationship with Cataldo based on legitimate non-discriminatory reasons negate causality. We see no reversible error in the district court's dismissal of the retaliation claim.

Cataldo also contends that the district court's failure to appoint him counsel is grounds for reversal.[4] According to Cataldo this case was far too complex for a layman to handle in the light of all the motions filed by St. James and other demands on his time.

We review a district court's denial of a motion to appoint counsel for abuse of discretion. See Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A plaintiff has no constitutional right to appointed counsel in a civil case. Dean v. Barber,

---

[4]We doubt that this issue properly is before us. The magistrate judge -- not the district court judge -- denied Cataldo's motion to appoint counsel; Cataldo failed to appeal that denial to the district court. See Fed.R.Civ.P. 72(a); Farrow v. West, 320 F.3d 1235, 1249 n.21 (11th Cir. 2003) (in a civil case "[a] party failing to appeal a magistrate judge's order in a nondispositive matter to the district court may not raise an objection to it on appeal to a circuit court.").

951 F.2d 1210, 1216 (11th Cir. 1992); and counsel may only be appointed in exceptional circumstances. <u>Bass</u>, 170 F.3d at 1320. Cataldo fails to establish exceptional circumstances. No doubt Cataldo "would have been helped by the assistance of a lawyer," but his case was not so unusual, novel or complex "that the district court abused its discretion by refusing to appoint counsel." <u>Id</u>.

AFFIRMED.

_____