[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13762
Non-Argument Calendar

_____

D.C. Docket No. 3:08-cv-00993-JRK

JAMES ALEXANDER LOGAN,

Plaintiff - Appellant,

versus

FELICIA CHESTNUT,
Lt.,
SERGEANT BAILEY,
J. HARPER,
C. E. HOPE,
J. NASH, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 25, 2013)

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

James Logan, a Florida prisoner proceeding *pro se*, filed suit under 42 U.S.C. § 1983 alleging violations of his Eighth Amendment rights. The incident in question began when corrections officers responded to a fire at Logan's cell. They opened the cell door, restrained Logan after a scuffle, moved him to a holding cell, and then transported him to the prison's urgent care unit. Logan alleged that the officers beat him severely during the incident and that prison medical personnel failed to properly treat his injuries. After a trial,[1] a jury returned verdicts for the defendants. Logan appeals, raising multiple claims of error. After careful review, we affirm.

## I.

Logan raises three claims related to jury selection. He first contends the district court abused its discretion in denying his motion for a mistrial based on a juror's dismissal. We disagree. Although the court empaneled eight jurors, it dismissed one before opening statements for lying about her prior criminal history during voir dire.[2] The trial proceeded with seven jurors, and Logan argues this was error because he was entitled to a trial before eight jurors.

---

[1] The parties consented to have the case tried before a magistrate judge. To avoid confusion, we refer to the magistrate judge as the district court.

[2] The district court appointed Logan counsel for voir dire only. Logan argues he was also entitled to trial counsel, but we conclude the district court did not abuse its discretion in denying Logan's motion for appointment of trial counsel because Logan does not identify any exceptional circumstance warranting appointment. *See* 28 U.S.C. § 1915(e)(1); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992).

"We review a district court's decision on a motion for mistrial for abuse of discretion." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1285 (11th Cir. 2000). Logan argues the district court violated its pretrial order by proceeding with only seven jurors. But the pretrial order provided only that eight jurors would be selected, which is exactly what happened here. And there is no support for Logan's argument that he was otherwise entitled to an eight-member jury. *See* Fed. R. Civ. P. 48(a) ("A jury must begin with at least 6 and no more than 12 members, and each juror must participate in the verdict unless excused [for good cause] under Rule 47(c)."); *Colgrove v. Battin*, 413 U.S. 149, 160 (1973) ("[A] jury of six satisfies the Seventh Amendment's guarantee of trial by jury in civil cases.").

Relatedly, Logan argues that a mistrial was warranted because the whole jury was tainted with the excused juror's prejudice. Logan, however, has presented no evidence of juror prejudice, and, "absent evidence to the contrary, we must presume that [the jurors] were fair and impartial, as indeed they swore to be." *United States v. Khoury*, 901 F.2d 948, 955 (11th Cir. 1990). Logan's argument is, therefore, meritless.

Finally, Logan asserts that the district court erred in denying his challenge under *Batson v. Kentucky*, 476 U.S. 79 (1986), which forbids the exercise of peremptory strikes on the basis of race. "We review the district court's resolution

3

of a *Batson* challenge under the clearly erroneous standard." *Cent. Ala. Fair Hous. Ctr., Inc. v. Lowder Realty Co.*, 236 F.3d 629, 635 (11th Cir. 2000). "[T]he party challenging the peremptory strike must establish a *prima facie* case of discrimination." *Id.* at 636. To do so, Logan "b[ore] the burden of establishing facts sufficient to support an inference of racial discrimination," such as by showing the defendants "engag[ed] in a 'pattern' of strikes against venire members of one race." *Id.*

Logan failed to satisfy this burden. During voir dire, the defendants attempted, but failed, to strike an African-American prospective juror for cause because she had two relatives who were incarcerated. And they struck another African-American prospective juror with a peremptory strike. Logan points only to the race of these prospective jurors, but "the mere fact of striking a juror or a set of jurors of a particular race does not necessarily create an inference of racial discrimination." *Id.* And any inference is particularly implausible here because the defendants had a facially valid reason to strike one of the prospective jurors for cause. *See United States v. Houston*, 456 F.3d 1328, 1335 (11th Cir. 2006) (finding that a legitimate, race-neutral reason for a strike can rebut an inference of discriminatory intent). Further, two African-Americans sat on the jury even though the defendants had one peremptory strike remaining. *See id.* at 638 ("[T]he unchallenged presence of jurors of a particular race on a jury substantially weakens

4

the basis for a *prima facie* case of discrimination in the peremptory striking of jurors of that race."). Thus, the district court did not clearly err in denying Logan's *Batson* challenge.

## II.

Logan next contends that the district court erred in admitting certain evidence. We review these rulings for an abuse of discretion. *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1160 (11th Cir. 2005). But "[f]or evidence and argument to which no objection has been raised, this court reviews for plain error." *Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1179 (11th Cir. 2002). "For there to be plain error, there must (1) be error, (2) that is plain, (3) that affects the substantial rights of the party, and (4) that seriously affects the fairness, integrity, or public reputation of a judicial proceeding." *Id.*

First, Logan argues the district court improperly admitted photographs depicting the window between the prison's control room and the holding cell because the photos did not reflect the actual state of the prison at the time of the incident. The photos were properly admitted, however, because a defense witness testified that the photos accurately reflected how the control room looked on the day of the incident. *See* Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating . . . an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.");

*see also United States v. Koziy*, 728 F.2d 1314, 1321 (11th Cir. 1984) ("A district court's determination that an article of evidence has been properly authenticated will not be overturned unless there is no competent evidence in the record to support it."). Logan was free to challenge the defense witness's testimony, but the district court did not err in admitting the photographs.

Logan also asserts that the district court abused its discretion by admitting testimony from various prison employees, arguing they were not disclosed in the defendants' pretrial narrative. Logan made only one objection to a witness on those grounds in the district court. But that witness was in fact disclosed, so there was no error in admitting his testimony. And although Logan now contests the relevance, weight, and non-disclosure of other trial witnesses' testimony, he has not shown that any error affected his substantial rights. *See Brough*, 297 F.3d at 1179. Thus, the district court did not plainly err in admitting that testimony.

## III.

Finally, Logan argues the district court erred in denying his motion for a new trial.[3] "We review a district court's denial of a motion for new trial only for an abuse of discretion." *Myers v. TooJay's Mgmt. Corp.*, 640 F.3d 1278, 1287 (11th Cir. 2011). "And new trials should not be granted on evidentiary grounds

---

[3] Logan makes several other contentions of error involving the proposed verdict form and jury instructions. These arguments fail because Logan did not preserve those objections in the district court and cannot show any alleged error was prejudicial. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329-30 (11th Cir. 1999).

unless, at a minimum, the verdict is against the great — not merely the greater — weight of the evidence." *Id.* (internal quotation marks omitted). "When there is some support for a jury's verdict, it is irrelevant what we or the district judge would have concluded." *Redd v. City of Phenix City, Ala.*, 934 F.2d 1211, 1215 (11th Cir. 1991).

Logan argues that his testimony, his exhibits, and videos of the incident cast serious doubt on the jury's verdict. He asks us to credit his version of the facts over that of the defendants', on which the jury based its verdict. But evidence at trial supported the defendants' story. The defendants testified that, after a fire broke out in Logan's cell, officers led him from his cell to a holding cell and restrained him when he struggled. They testified that they did not beat Logan and that his injuries were properly documented in the urgent care unit. Further, videos of the incident from cameras in the hallway and a hand-held camera carried by a corrections officer were consistent with the defendants' testimony.[4] This evidence supports the jury's finding that the defendants did not violate Logan's Eighth Amendment rights. *See Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002)

---

[4] Logan contends that the defendants tampered with the video and argues that the district court erred in denying his motions for sanctions and a mistrial based on that contention. Logan claimed that the video admitted at trial was missing portions he saw during discovery, alleging that he placed his initials on the discs he watched during discovery but that there were no initials on the discs admitted at trial. The district court, however, credited testimony that the prison did not allow inmates to initial the discs, and therefore that there was no basis to find that the video had been altered, and Logan has not shown that finding to be clearly erroneous. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006).

("Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically to cause harm." (internal quotation marks and alteration omitted)).  Therefore, we will not disturb the jury's verdict.  *See Redd*, 934 F.2d at 1215.

## IV.

For the foregoing reasons, we affirm the judgment in favor of the defendants.

**AFFIRMED.**