[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13355
Non-Argument Calendar

_____

D.C. Docket No. 2:14-cv-14177-DMM


GLENN C. SMITH,

Plaintiff-Appellant,

versus

MICHAEL D. CREWS,
Secretary, Florida Department of Corrections,
in his Official and Individual Capacities,
SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 18, 2018)

Before WILLIAM PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Plaintiff Glenn Smith, a state prisoner proceeding pro se,[1] appeals the district court's grant of summary judgment in this civil action, filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleges he was transferred from Martin Correctional Institution ("Martin CI") to Hardee Correctional Institution ("Hardee CI") in retaliation for his filing grievances: he claims a violation of his First Amendment rights.  No reversible error has been shown; we affirm.[2]

We review de novo the district court's grant of summary judgment. Crawford v. Carroll, 529 F.3d 961, 964 (11th Cir. 2008).  Summary judgment is appropriate only when the record shows that no genuine issue exists on any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  We view the facts and draw all reasonable inferences in the

---

[1] We construe liberally pro se pleadings.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

[2] Plaintiff filed this civil action against Michael Crews, the Secretary of the Florida Department of Corrections ("FDC"), in both his official and individual capacities.  Julie Jones (Crews's successor) was later substituted as the named defendant for Plaintiff's official-capacity claim. Plaintiff concedes that neither Defendant was involved personally in his transfer.  Plaintiff asserts, instead, that Defendants are liable based on a theory that the FDC has a policy or pattern of retaliatory prison transfers.

2

light most favorable to the non-moving party.  Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  Farrow v. West, 320 F.3d 1235, 1249 (11th Cir. 2003).  To prove a First Amendment retaliation claim, an inmate must prove three elements: (1) his speech was constitutionally protected, (2) he suffered an adverse action that would likely deter a person of ordinary firmness from engaging in such speech, and (3) a causal relationship between the protected speech and the retaliatory action.  Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).  An inmate exercises his First Amendment rights when he complains to prison administrators about the conditions of his confinement.  Id.

In determining whether a causal connection exists, we consider "whether the defendants were subjectively motivated to discipline because [the inmate] complained of some of the conditions of his confinement."  Id. at 1278. Defendants are entitled to summary judgment if they can demonstrate that they "would have taken the same action in the absence of the protected activity."  Id. (quotation omitted).

Briefly stated, this appeal arises from these facts, viewed in the light most favorable to Plaintiff.  On 7 July 2010, Plaintiff reported to prison officials that he had been beaten by his cellmate and submitted a written request for protection.

3

Plaintiff was then placed in administrative confinement pending the outcome of an investigation into Plaintiff's allegations.

After a hearing, the prison's Institutional Classification Team ("ICT") determined that a verifiable threat existed to Plaintiff's safety and that Plaintiff was in need of protection. Because prison officials had been unable to determine with certainty the identity of Plaintiff's attacker, and because prison officials thought it likely Plaintiff would be subjected to future attacks if he was returned to the general population, the ICT recommended Plaintiff be transferred for his own protection. Plaintiff was transferred to Hardee CI on 27 July 2010.

Plaintiff alleges he was transferred in retaliation for his filing grievances. The record demonstrates that Plaintiff filed a total of 642 grievances during his 5-year tenure at Martin CI: 113 of these grievances were filed within the 6 months leading up to Plaintiff's transfer. Defendants, meanwhile, contend that Plaintiff was transferred based on a legitimate penological interest: Plaintiff's safety.

We agree with the district court's determination that Plaintiff failed to demonstrate a causal link between his filing of grievances and his prison transfer. Plaintiff has produced no direct evidence of a retaliatory motive. Plaintiff points, instead, to what he says constitutes circumstantial evidence of retaliation. On appeal, Plaintiff contends that a retaliatory motive could be inferred from these things: (1) that prison officials failed to consider Plaintiff's liberty interest in being

incarcerated close to his county of commitment; (2) that Plaintiff was placed involuntarily in administrative confinement after reporting the attack and requesting protection; (3) that not all inmate victims are transferred; (4) that Plaintiff could have been placed in a protective management unit at Martin CI; (5) that Plaintiff's alleged attacker was not disciplined; (6) that Plaintiff's transfer interfered with his participation in a mental health program; and (7) that Plaintiff's transfer interfered with Plaintiff's pending grievances about a cell transfer and with Plaintiff's pending state and federal court cases.

First, we reject Plaintiff's assertion that he has a liberty interest in being incarcerated at the FDC institution closest to his county of commitment.  The Supreme Court has concluded that inmates have no constitutionally protected liberty interest against being transferred to another institution.  Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (the transfer of state inmates between prisons implicates no liberty interest within the meaning of the Due Process Clause).  In addition, the Florida statutes upon which Plaintiff relies -- Fla. Stat. §§ 20.315(3) and 944.611 -- create no statutorily-protected liberty interest.  These statutes provide only that it is "desirable" for inmates to be confined in a facility close to the inmate's permanent residence or county of commitment "in order to lessen the transportation expense to the public."  Nothing in this statutory language can be construed as conferring a right on inmates to be confined at a particular facility.

About the prison's decision-making process, the record demonstrates that the steps prison officials took in response to Plaintiff's request for protection -- including placing Plaintiff in administrative confinement, determining whether Plaintiff was in need of protection, and deciding to transfer Plaintiff -- were consistent with regulations governing prison safety and security. See Fla. Admin. Code §§ 33-602.220(3)(c) (setting forth administrative procedures in response to an inmate's request for protection). Once a determination was made that Plaintiff was in need of protection, prison officials were authorized to order Plaintiff's transfer. See id. § 33-602.220(3)(c)(5). Although Plaintiff contends generally that he could have been placed in a protective management unit at Martin CI instead of being transferred, he has failed to produce evidence sufficient to show he was eligible for placement in a protective management unit. See id. § 33-602.220(3)(c)(3) (listing eligibility criteria for protective management).

Viewing the record in the light most favorable to Plaintiff, Plaintiff has failed to produce evidence sufficient either to demonstrate a retaliatory motive or to rebut Defendants' proffered reason for the transfer. Moreover, because the undisputed evidence demonstrates that the decision to transfer Plaintiff would have been the same even if Plaintiff had filed no grievances, the district court committed no error in granting Defendants' motion for summary judgment. See Mosley, 532 F.3d at 1278.

6

Plaintiff also argues that summary judgment was granted prematurely because the district court had not yet ruled on Plaintiff's objections to the magistrate judge's denial of certain discovery requests.  Because Plaintiff's discovery requests were pertinent only to whether the FDC had an alleged policy or custom of retaliatory transfers -- and not to whether Plaintiff was transferred unlawfully in this case -- the district court committed no error in ruling on Defendants' motion for summary judgment.

The district court also abused no discretion in denying Plaintiff's request for court-appointed counsel.  Civil litigants in a section 1983 action have no absolute constitutional right to counsel.  Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992).  And Plaintiff has demonstrated no exceptional circumstances justifying court-appointed counsel: the facts and legal issues involved in Plaintiff's case are not "so novel or complex as to require the assistance of a trained practitioner."  See id.

AFFIRMED.