[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14815
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-00024-KD-C

JOHN RICHARDSON,

Plaintiff-Appellant,

versus

MOBILE SHERIFF'S DEPARTMENT,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 28, 2020)

Before WILSON, JILL PRYOR and LUCK, Circuit Judges.

PER CURIAM:

John Richardson, a former inmate of the Mobile Metro Jail proceeding pro se, appeals the district court's dismissal of his amended 42 U.S.C. § 1983 complaint.  In his amended complaint, Richardson alleged that corrections officers at the Mobile Metro Jail violated his civil rights by beating him and acting to conceal his injuries.  The district court dismissed Richardson's complaint under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), in relevant part, because the sheriff's department was not an entity capable of being sued.  On appeal, Richardson does not identify any discrete error in the district court's judgment; instead, he restates the substance of his amended complaint.  As we discuss below, even if Richardson has not abandoned any challenge on appeal,[1] the district court properly dismissed his amended complaint for failure to state a claim under § 1915(e)(2)(B)(ii).

We review de novo a district court's dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii).  *Henley v. Payne*, 945 F.3d 1320, 1331 (11th Cir. 2019).  We liberally construe pro se pleadings and hold them to a less stringent standard than pleadings drafted by attorneys.  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  However, we may not "serve as *de facto* counsel for a party [or] rewrite an otherwise deficient pleading in order to sustain an action."  *Id.*

---

[1] A litigant, whether pro se or counseled, abandons an issue by failing to challenge it on appeal.  *See Irwin v. Hawk*, 40 F.3d 347, 347 n.1 (11th Cir. 1994) (per curiam).

2

at 1168–69.  We may affirm on any ground supported by the record.  *Long v. Comm'r of IRS*, 772 F.3d 670, 675 (11th Cir. 2014) (per curiam).

A district court may dismiss a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  To state a claim under § 1983, the claimant must show that (1) an act or omission deprived him of a right, privilege, or immunity secured by the constitution or the laws of the United States; and (2) that the act or omission was done by a person acting under the color of state law.  *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 996–97 (11th Cir. 1990).  Liability under § 1983 can only be imposed against an entity that is capable of being sued, as determined by the law of the state in which the district court is located.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Under Alabama law, an Alabama county sheriff's department lacks the capacity to be sued.  *Id.* at 1214–15.

Here, the district court did not err in dismissing Richardson's amended complaint for failure to state a claim.  Even if he has not abandoned any argument on appeal, Alabama law does not provide for § 1983 liability against a sheriff's department.  *See id.*  Thus, because Richardson identified no other defendants or alternative legal theory, his amended complaint failed to state a claim under which relief may be granted.  Therefore, we affirm.

**AFFIRMED.**