[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12824
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-20216-ASG

GWENDOLYN CARRIE COLLINS,

Plaintiff-Appellant,

versus

HOMESTEAD CORRECTIONAL INSTITUTION,
CAPTAIN S. LOVE,
SERGEANT S. PATTERSON,
WARDEN S. PORTER,
ASSISTANT WARDEN J. D. THORNTON,

Defendants-Appellees,

FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 5, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Gwendolyn C. Collins, a state prisoner proceeding pro se, appeals the grant of summary judgment in her civil rights action brought under 42 U.S.C. § 1983. On appeal, Collins argues that: (1) the district court abused its discretion in denying her motion for appointment of counsel; (2) the district court erred in granting summary judgment because the defendants -- the prison in which she was incarcerated and several of its employees -- violated her Eighth Amendment rights, and there was a material issue of fact as to whether the defendants were deliberately indifferent to conditions that arose when the prison was evacuated in the wake of Hurricane Ike. After thorough review, we affirm.

We review for abuse of discretion a district court's denial of a motion for the appointment of counsel. Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999). "A plaintiff in a civil case has no constitutional right to counsel." Id. at 1320. The decision to appoint counsel is within the district court's discretion, and the court should appoint counsel only in exceptional circumstances, "such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992). We review a district court's grant of summary judgment de novo, viewing all facts and reasonable

inferences in the light most favorable to the non-moving party. Bozeman v. Orum, 422 F.3d 1265, 1267 (11th Cir. 2005).

First, we reject Collins's claim that the district court abused its discretion in denying her motion to appoint counsel. In determining whether to appoint counsel, "[t]he key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). Thus, whether a case presents exceptional circumstances warranting the appointment of counsel depends on (1) the type and complexity of the case; (2) whether the pro se litigant is capable of adequately presenting her case; (3) whether the litigant is in a position to adequately investigate the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. See Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (incorporated by Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990)).

Here, the district court did not abuse its discretion by denying Collins's motion for appointment of counsel. As the record shows, the issues in the case were relatively simple, turning on the physical conditions on a bus trip and the defendants' responsibility for those conditions. In addition, the district court could have reasonably concluded that Collins was capable of representing herself based on her

3

coherent court filings. Lastly, the case did not require significant investigative resources or litigation skills, since the parties largely agreed on the facts.

We are also unpersuaded by Collins's claim that the district court erred in granting summary judgment to the defendants. "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990). We "may affirm the district court where the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." Bonanni Ship Supply Inc. v. United States, 959 F.2d 1558, 1561 (11th Cir. 1992).

A plaintiff seeking relief under 42 U.S.C. § 1983 must allege a deprivation of a right secured by the Constitution or laws of the United States. See Brown v. City of Huntsville, Ala., 608 F.3d 724, 733 n.12 (11th Cir. 2010). The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832 (1994). Although the amendment does not require comfortable prisons, it prohibits inhumane ones. Id. To establish an Eighth Amendment claim based on prison conditions, an inmate must meet both an objective component, which requires that the conditions be

4

"sufficiently serious," and a subjective component, which requires that the officials acted with "deliberate indifference to prisoner health or safety." Jordan v. Doe, 38 F.3d 1559, 1564 (11th Cir. 1994) (internal quotations omitted). To meet the objective standard, "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Hudson v. McMillian, 503 U.S. 1, 9 (1992) (internal quotations omitted). We have previously explained that basic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety. Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991). Both the duration and severity of prison conditions are relevant to the determination of whether the Eighth Amendment has been violated. See Chandler v. Crosby, 379 F.3d 1278, 1295 (11th Cir. 2004).

Under the subjective prong, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Thus, only the "unnecessary and wanton infliction of pain" gives rise to a viable Eighth Amendment claim. Hudson, 503 U.S. at 5.

5

The district court correctly granted summary judgment in this case because there was no issue of material fact as to the defendants' liability. Putting aside the question of whether the conditions on the evacuation bus were objectively inhumane, the record lacked any evidence that the defendants intentionally exposed Collins to those conditions. The evidence showed that the prison evacuation procedures were devised at the state level, and that the named defendants in this case had no control over the type or number of buses used in the evacuation. As a result, there was no causal link between the defendants' actions and the alleged overcrowding, overheating, or deprivation of sanitation facilities presented by those buses. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (holding that civil rights actions require an affirmative causal connection between the named defendants in the suit and the alleged constitutional violation).

As to the alleged insufficient water supply, there was no evidence showing that either defendant Captain Love or Sergeant Patterson was responsible for the provision of water, or that they were aware that the water supply had been depleted. Moreover, even assuming that the provision of water fell within Warden Porter and Assistant Warden Thornton's managerial responsibilities, any failure to anticipate the inmates' water consumption was mere negligence, and did not establish a basis for liability under § 1983. See Cagle v. Sutherland, 334 F.3d 980, 987 (11th Cir. 2003) (holding

6

that liability under a § 1983 deliberate indifference claim requires a showing of improper conduct that is more than mere negligence). Accordingly, we affirm the district court's grant of summary judgment to the defendants.

**AFFIRMED.**