[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13005
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00204-HLM


STEVE A. MORRIS,

Plaintiff- Appellee,

versus


HAYS SP WARDEN, et al,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 14, 2016)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Steve A. Morris, a Georgia prisoner, appeals the district court's dismissal of his civil rights claim.  After review of the parties' briefs and the record, we reverse and remand for further proceedings.

## I

In August of 2013, Mr. Morris filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, naming as defendants the Warden at Hays State Prison (HSP); two unnamed corrections officers at HSP; and the members of HSP's Certified Emergency Response Team.  Mr. Morris alleged that he was pepper-sprayed by two corrections officers, and then beaten by the Emergency Response Team members, while handcuffed because he overslept one morning.  According to the complaint, the incident took place in January or February "1-2 years ago," i.e., in January or February of 2011 or 2012.  Mr. Morris sought damages and injunctive relief.

A magistrate judge reviewed Mr. Morris' case and conducted an initial screening pursuant to 28 U.S.C. § 1915A.  The magistrate judge concluded that if the events in Mr. Morris' complaint occurred in January or February of 2011, then the complaint could be untimely.  Assuming the complaint was timely, Mr. Morris needed to ascertain the names of the two corrections officers and the members of the Emergency Response Team and submit them in an amended complaint.  Mr. Morris did file an amended complaint, but alleged (1) that he was unaware of the

2

names of the corrections officers and the Emergency Response Team members and (2) that he had post-traumatic stress disorder and did not know the "exact time" of the incident he complained of.  Mr. Morris stated that the district court would need to request records from HSP to obtain the names of the potential defendants and the date of the incident in question.

The magistrate judge issued a final report and recommendation recommending that Mr. Morris' complaint be dismissed because it required the court to speculate as to whether it was timely, and because Mr. Morris had not named the individuals who had pepper-sprayed him and beaten him.  Mr. Morris filed objections, arguing in part he could not name the individual defendants because (1) his legal paperwork (which contained the names on the tags of the two corrections officers who pepper-sprayed him) was stolen; (2) members of the Emergency Response team do not wear name tags and do not share their names with inmates, and (3) prison officials would not give him the information needed to name the individual defendants.  The district court adopted the report and dismissed the complaint as frivolous.

## II

A complaint is frivolous when "it lacks an arguable basis either in law or in fact." *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989).  We review a district court's *sua sponte* dismissal of a complaint as frivolous for abuse of discretion.

*Nietzke,* 490 U.S. 319, 325 (1989).  A district court abuses its discretion if it applies the wrong legal standard, *See Ameritox, Ltd. v. Millenium Laboratories, Inc.*, 803 F.3d 518 (11th Cir. 2015), and that is what happened here.

First, Mr. Morris asserted a time-frame in which the incident in question occurred that either could or could not have been time-barred.  He also alleged that, because of his PTSD, he could not recall the "exact time" of the incidents he complained of.  Because it is not clear from the "face of the complaint" that Mr. Morris' complaint was time-barred, the action should not have been dismissed based on a statute of limitations bar.  *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("a Rule 12(b)(6) dismissed on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred") (citation omitted).

Second, although Mr. Morris failed to provide the names of the various individuals working at the prison who pepper-sprayed and beat him, we have allowed the initial use of an unnamed defendant where discovery would likely uncover that defendant's identity.  *See Richardson v. Johnson,* 598 F.3d 734, 740 (11th Cir. 2010) (holding that remand to the district court was necessary to determine whether the unnamed prison guard/defendant could be located with reasonable effort); *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (allowing joinder of John Doe defendant where the *pro se* plaintiff sufficiently

4

identified the defendant as the supervising officer and discovery would provide the plaintiff with the information necessary to identify that defendant).  In this case, the missing information could be ascertained through discovery.  We note also that Mr. Morris provided an explanation for not being able to name the officer on the Emergency Response Team: members of that Team do not wear name tags, and prison officials would not provide him with information to identify those officers.

## III

The district court incorrectly dismissed Mr. Morris' complaint as frivolous. We reverse and remand to the district court for further proceedings consistent with this opinion.

**REVERSED** and **REMANDED.**