[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13806

Non-Argument Calendar

_____

CHRISTOPHER J. HRANEK,

Plaintiff-Appellant,

*versus*

CONSOLIDATED CITY OF JACKSONVILLE,
in individual and official capacity,
MIKE WILLIAMS,
Sheriff, in individual and official capacity,
DEPARTMENT OF CORRECTIONS,
in individual and official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-00913-BJD-PDB

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Christopher Hranek, a Florida prisoner proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his 42 U.S.C. § 1983 civil complaint, brought against the City of Jacksonville ("City"), the Florida Department of Corrections, Division of Health Services ("FDOC"), and Sheriff Mike Williams (collectively "Defendants"). Before the district court, Hranek alleged that the Defendants had violated the First, Eighth, Ninth, and Fourteenth Amendments, during his time as a pretrial detainee. He clarified that, although he is currently a state prisoner, he was a pretrial detainee at the time of injury. He stated that the Defendants were deliberately indifferent to his serious medical needs and safety by denying him medication and access to medical staff, and that he was denied his First Amendment right to file a grievance. The district court dismissed Hranek's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), during its *in forma pauperis* ("IFP") screening for failure to state a claim and improperly joining claims. On appeal, Hranek argues that the district court prematurely dismissed his § 1983 civil complaint without allowing

discovery or an opportunity to amend. He also disputes that he failed to state a deliberate-indifference claim under the Eighth and Fourteenth Amendments and that his claims were unrelated.

We review *de novo* dismissals for failure to state a claim, pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1), applying the same standards that govern Federal Rule of Civil Procedure 12(b)(6) dismissals. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). "We may affirm the district court's judgment on any ground that appears in the record." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff must provide more than labels and conclusions to show that he is entitled to relief. *Id.*; *see also Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nonetheless, we have concluded that "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action *with prejudice*," unless

the plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*) (emphasis added).

Although *pro se* pleadings are liberally construed, they still must suggest some factual basis for a claim. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Issues not briefed by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Passing references to an issue do not suffice. *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Both counseled and *pro se* litigants are required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). The leniency given to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Under § 1915(e)(2)(B)(ii), a district court shall dismiss a case brought IFP "at any time" if the court determines that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Likewise, under § 1915A(b)(1), a district shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *Id.* § 1915A(b)(1).

To prevail on a claim under § 1983, a plaintiff must demonstrate that he was deprived of a right secured under the Constitution or federal law by "a person" acting under the color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Municipalities and other local government entities are considered "persons" within the scope of § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Sheriffs are also considered "persons" subject to suit in their individual capacities under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992). State agencies are not "persons" under § 1983. *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1524 (11th Cir. 1995).

The Eighth Amendment of the United States Constitution forbids "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has interpreted the Eighth Amendment to include "deliberate indifference to a prisoner's serious illness or injury" under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive any person of life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. A government officials' treatment of pretrial detainees is governed by the Due Process Clause of the Fourteenth Amendment, while treatment of convicted prisoners is governed by the Eighth Amendment. *Lancaster v. Monroe Cnty.*, 116 F.3d 1419, 1425 n.6 (11th Cir. 1997), *overruled in part on other grounds by LeFrere v. Quezada*, 588 F.3d 1317 (11th Cir. 2009). However, because the legal standards for the provision of medical care are the same under both

amendments, Eighth and Fourteenth Amendment cases can be used interchangeably in the deliberate-indifference analysis. *Id.*; *see also Swain v. Junior*, 961 F.3d 1276, 1285 (11th Cir. 2020) ("The Eighth Amendment—and therefore the Fourteenth also—is violated when a jailer 'is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury.'").

However, in establishing § 1983 liability, a prisoner cannot rely on theories of vicarious liability or *respondeat superior. See Cook v. Sheriff of Monroe Cnty.,* 402 F.3d 1092, 1115-16 (11th Cir. 2005). Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. *Id.* The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences. *Id.*

The Supreme Court in *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997) described the circumstances under which a municipality can be held liable under § 1983. *Id.* at 403–04. This liability is sometimes referred to as *Monell* liability as the theory derived from *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Under this theory, the

plaintiff must identify a municipal "policy or custom" that caused his injury. *Brown*, 520 U.S. at 403. Such a "policy" must result from the decisions of the relevant legislative body, or of "those officials whose acts may fairly be said to be those of the municipality." *Id.* at 403–04. And such a "custom," even if not "formally approved by an appropriate decisionmaker[,] may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. In other words, the plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." *Id.*

In this case, the district court properly dismissed Hranek's complaint for failure to state a claim. Because Hranek fails to reference or otherwise present an argument concerning his First Amendment claim and makes no more than a passing reference to his Ninth Amendment claim, Hranek has abandoned these issues. The district court properly dismissed Hranek's Eighth and Fourteenth Amendment deliberate-indifference claim, because he failed to allege a sufficient factual and legal basis to infer that the Defendants were liable for any misconduct. Hranek's allegations against FDOC fail because FDOC, a state agency, is not a "person" under § 1983. *Edwards*, 49 F.3d at 1524. Similarly, Hranek's allegations against the City and Sheriff Williams fail because Hranek did not plead facts sufficient to subject either the City or Sheriff Williams to *Monell* liability. For example, Hranek did not allege that the Sheriff participated in or authorized the alleged constitutional

violations. Nor did he allege a municipal policy or facts establishing a history of widespread violations of such constitutional rights that might have put the City and Sheriff on notice of the need to correct such abuse. Additionally, because the district court dismissed Hranek's complaint without prejudice; had the authority to screen, and procedurally dismiss, complaints filed IFP "at any time"; and was not required to otherwise serve as Hranek's *de facto* counsel, it did not err in failing to *sua sponte* grant Hranek leave to amend his complaint or to obtain discovery. Accordingly, we affirm, and we need not consider whether Hranek's claims were properly joined.

**AFFIRMED.**