[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13042

Non-Argument Calendar

_____

MARCIA A. THOMAS,

Plaintiff-Appellant,

CIERA THOMAS, et al.,

Plaintiffs,

*versus*

LEON COUNTY FIRE DEPARTMENT, et al.,

Defendants,

GAVIN LARREMORE,
CHRISTOPHER JACOBS,
WALTER MCNEIL,

2                    Opinion of the Court                    21-13042

LAWRENCE REVELL,

Chief

JEROME GAINES, et al.,

                                               Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cv-00111-MW-MAF

————————————

Before JORDAN, BRANCH, and EDMONDSON, Circuit Judges.

PER CURIAM:

   Marcia Thomas appeals the district court's dismissal of her *pro se* [1] civil action under 42 U.S.C. § 1983. The district court dismissed Thomas's fifth amended complaint for failure to comply with federal pleading standards and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Thomas also challenges the district court's denial of her motions for appointment of counsel. No reversible error has been shown; we affirm.

---

[1] We read liberally briefs filed by *pro se* litigants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). We also construe liberally *pro se* pleadings. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

Thomas initiated *pro se* this civil action in March 2021. Thomas -- on behalf of herself and six other plaintiffs -- sought to assert claims against several defendants, including three law enforcement agencies, a fire department, a retail store, and seven different medical providers. Thomas also moved for leave to proceed *in forma pauperis*.

A magistrate judge reviewed *sua sponte* Thomas's complaint. The magistrate judge observed that Thomas (a non-lawyer) was unable to proceed *pro se* on behalf of the other named plaintiffs. The magistrate judge then identified several other deficiencies in Thomas's complaint and instructed Thomas to amend her complaint to comply with the Federal Rules of Civil Procedure and with the district court's local rules.

Thomas filed an amended complaint, an amended motion for leave to proceed *in forma pauperis*, and a motion for appointment of counsel. Before the magistrate judge ruled on Thomas's first amended complaint, Thomas filed two additional amended complaints: pleadings later docketed as a "second amended complaint" and a "third amended complaint."

The magistrate judge granted Thomas leave to proceed *in forma pauperis* and denied Thomas's motion for appointment of counsel. The magistrate judge concluded that Thomas's amended pleadings still failed to comply with the pertinent pleading rules. The magistrate judge offered additional guidance to Thomas about correcting the identified deficiencies and granted Thomas leave to file a fourth amended complaint.

After Thomas filed a fourth amended complaint, the magistrate judge determined that Thomas had still failed to correct the deficiencies identified in the magistrate judge's earlier orders. Among other things, the magistrate judge described Thomas's complaint as a "shotgun pleading" that failed to specify the pertinent facts and defendants involved in each claim. The magistrate judge again ordered Thomas to amend her complaint and warned that failure to comply with the federal pleading rules would result in dismissal of the action.

In July 2021, Thomas filed a fifth amended complaint: the complaint underlying this appeal. Thomas named herself and her daughter as plaintiffs.[2] Thomas named as defendants two officers with the Tallahassee Police Department, two officers with the Leon County Sheriff's Office, and two employees of the Leon County Fire Department.

Briefly stated, Thomas alleged that the Tallahassee Police Department had been unlawfully surveilling her as part of a "gang stalking conspiracy." Thomas alleged that police officers parked in front of her home, followed her, and called her phone without speaking. Thomas said the police attempted to poison her, inserted

---

[2] The magistrate judge concluded correctly that Thomas was not permitted to appear *pro se* on behalf of her adult daughter in this civil action. *See* 28 U.S.C. § 1654 (permitting parties to "conduct their own cases personally or by counsel"); *Timson*, 518 F.3d at 873 (construing section 1654 as "provid[ing] a personal right that does not extend to the representation of the interests of others").

"nano devices" into her body, and used electric magnetic fields and "energy beams" that caused harm to her and to her children. As further evidence of the alleged conspiracy, Thomas described strange sounds and odors in her home and said she was exposed to substances that made her hair fall out. Thomas also alleged that police officers broke into her friend's truck and left behind a "white powdery substance" that made Thomas ill.

Although Thomas allegedly reported this conduct, her complaints went uninvestigated. Thomas says the police chief instructed officers to ignore Thomas's 911 calls. Thomas also alleged that the fire department conspired with the police to violate her rights and to help destroy evidence.

Incorporating by reference all of her factual allegations, Thomas purported to assert these claims against all named defendants: (1) a claim for violation of Thomas's constitutional right to life, freedom of dignity, and the pursuit of happiness based on defendants' "toxic torts," including "electronic magnetic fields, electronic harassment, radiation, gases, chemical, arsenic poisoning or pesticide, laser, direct energy beams, [and] cloaking devices"; (2) a claim for violation of Thomas's constitutional right to equal protection and due process based on defendants' "conspiracy-gang stalking"; and (3) a claim for intentional infliction of emotional distress.

The magistrate judge issued a report and recommendation ("R&R"). The magistrate judge recommended that the district court dismiss Thomas's fifth amended complaint for failure to

comply with Fed. R. Civ. P. 8 and as frivolous under 28 U.S.C. § 1915(e).

Thomas filed objections to the R&R. The district court overruled Thomas's objections, adopted the R&R, and dismissed Thomas's complaint. The district court also denied Thomas's motion for appointment of counsel. This appeal followed.

On appeal, Thomas first challenges the district court's denial of her motions for appointment of counsel. A district court has "broad discretion" in deciding whether to appoint counsel in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). In a civil case, "the appointment of counsel is . . . a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a training practitioner." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992).

The district court abused no discretion in denying Thomas's motions for appointment of counsel. Thomas's complaint does not raise the kinds of novel or complex factual or legal issues that would necessitate appointment of counsel. Thomas asserts for the first time on appeal that she has a learning disability. Because Thomas failed to present to the district court exceptional circumstances requiring appointment of counsel, the district court acted within its "broad discretion" in denying Thomas's motions.

Thomas next challenges the district court's dismissal of her complaint. We review for abuse of discretion a district court's

dismissal of a complaint for failure to comply with federal pleading standards. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). Although we construe liberally *pro se* pleadings, *pro se* litigants must still conform to procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

To comply with federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). A plaintiff must also present each of her claims in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

A complaint that fails to comply with Rules 8 and 10 may be classified as a 'shotgun pleading." *See Weiland*, 792 F.3d at 1320-23; *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). When faced with a shotgun pleading, a district court must order a litigant to replead and to make a more definite statement of the claim. *Byrne*, 261 F.3d at 1133. When the amended complaint still fails to cure the deficiency, the complaint may be subject to dismissal. *See id.*; *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-94 (11th Cir. 2018) (recognizing that a district court's "'inherent authority to control its docket and ensure the prompt resolution of lawsuits' . . . includes the ability to dismiss a complaint on shotgun pleading grounds").

The power to dismiss per 28 U.S.C. § 1915(e) is significantly broader than the usual powers under the Federal Rules. The statute vests judges with the duty to look hard at the pertinent

complaint and to assess in a sensible, practical way the realistic likelihood of success.

Under section 1915, a court "shall dismiss" a case filed *in forma pauperis* if the court determines that the complaint "is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). "A claim is frivolous if it is without arguable merit either in law or fact," including where it "describ[es] fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Section 1915 "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*

Despite the magistrate judge's repeated instructions, Thomas's fifth amended complaint still failed to provide a "short and plain statement" of her claims showing that she was entitled to relief. Instead, Thomas's fifth amended complaint consisted of a 17-page long "rambling list of events" describing unrelated transactions and occurrences involving several individuals not named as defendants in this civil action. Each of Thomas's asserted claims incorporated all of the preceding factual allegations without delineating what facts pertained to each claim or how each of the named defendants was purportedly involved in the alleged harms: an impermissible "shotgun pleading." In the light of Thomas's continued failure to comply with federal pleading requirements, the district court abused no discretion in concluding that Thomas's fifth amended complaint was subject to dismissal.

Nor can we conclude that the district court abused its discretion in concluding that Thomas's complaint was subject to dismissal as "frivolous" under section 1915(e)(2)(B)(i). We accept that the magistrate judge fairly characterized Thomas's claims about "nano devices" and "harassment from radiation, poisoning, and electrical beams" as "delusional and removed from reality."

We affirm the district court's *sua sponte* dismissal of Thomas's fifth amended complaint without an evidentiary hearing.[3]

AFFIRMED.

---

[3] Contrary to Thomas's assertion on appeal, the district court's order of dismissal contains no clerical error. The district court characterized accurately the operative complaint in this case as Thomas's "fifth amended complaint."