[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31 2000
THOMAS K. KAHN
CLERK

_____

No. 99-8199

_____

D. C. Docket No. 97-01753-1-CV-JEC

JAMES SOLOMAN SMITH, JR., BARBARA SMITH,

Plaintiffs-Appellants,

versus

CITY OF CUMMING, a Municipal Corporation,
EARL A. SINGLETARY, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 31, 2000)**

Before BIRCH and BARKETT, Circuit Judges, and ALARCON[*], Senior Circuit
Judge.

BARKETT, Circuit Judge:

_____

[*] Honorable Arthur L. Alarcon, Senior U.S. Circuit Judge for the Ninth Circuit, sitting by
designation.

James and Barbara Smith filed suit against the City of Cumming, Georgia (the "City"), and its police chief, Earl Singletary, pursuant to 42 U.S.C. § 1983, alleging that the City police had harassed the Smiths, including a claim that Mr. Smith had been prevented from videotaping police actions in violation of Smith's First Amendment rights. They appeal from summary judgment granted to the City and Singletary and from the denial of the Smiths' motion to amend their complaint so as to name another City police chief, Ralph "Buck" Jones,[1] as a defendant in the place of a defendant originally identified as "John Doe." We affirm.

As to the First Amendment claim under Section 1983, we agree with the Smiths that they had a First Amendment right, subject to reasonable time, manner and place restrictions, to photograph or videotape police conduct. The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest. See Blackston v. Alabama, 30 F.3d 117, 120 (11th Cir.1994) (finding that plaintiffs' interest in filming public meetings is protected by the First Amendment); Fordyce v. City of Seattle, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing a "First Amendment right to film matters of public interest");

---

[1] Jones and Singletary served together for several months as co-chiefs of police. Later, Singletary was chosen as chief, and when he left Cumming, Jones succeeded him as chief.

Iacobucci v. Boulter, No. CIV.A. 94-10531 (D. Mass, Mar. 26, 1997) (unpublished opinion) (finding that an independent reporter has a protected right under the First Amendment and state law to videotape public meetings); see also, United States v. Hastings, 695 F.2d 1278, 1281 (11th Cir. 1983) (finding that the press generally has no right to information superior to that of the general public) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 609 (1978)); Lambert v. Polk County, 723 F.Supp. 128, 133 (S.D. Iowa 1989) ("[I]t is not just news organizations . . . who have First Amendment rights to make and display videotapes of events . . . ."); Thompson v. City of Clio, 765 F. Supp. 1066, 1070-71 (M.D. Ala. 1991) (finding that city council's ban on member's attempt to record proceedings regulated conduct protected by the First Amendment); cf. Williamson v. Mills, 65 F.3d 155 (11th Cir. 1995) (reversing district court's grant of qualified immunity to a law enforcement officer who seized the film of and arrested a participant in a demonstration for photographing undercover officers).  Thus, the district court erred in concluding that there was no First Amendment right.

Nonetheless, under Section 1983, the Smiths must prove that the conduct complained of deprived them of "a right, privilege or immunity secured by the constitution or laws of the United States."  Nail v. Community Action Agency of Calhoun County, 805 F.2d 1500, 1501 (11th Cir. 1986).  Although the Smiths have

a right to videotape police activities, they have not shown that the Defendants'

actions violated that right. We find no merit in the remaining arguments presented

in this appeal. AFFIRMED.