[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16124
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-20152-CMA

GUSTAVO A. ABELLA,

Plaintiff-Appellee,

versus

NANCY SIMON,
individually and as a Miami Lakes Councilwoman, et al.,

Defendants,

OFFICER HECTOR VALLS, individually,
OFFICER RAYMOND DEL VALLE, individually,
OFFICER A. SALAZAR, individually,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 26, 2012)

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Officers Hector Valls, Raymond Del Valle, and Alberto Salazar appeal the denial of their motions to dismiss Gustavo Abella's pro se complaint based on qualified immunity. Abella complains of retaliation for exercising his rights under the First Amendment. 42 U.S.C. § 1983. We vacate and remand with instructions to dismiss the counts about retaliation in the complaint against Valls, Del Valle, and Salazar based on qualified immunity.

Abella complains about three actions by the officers following his protesting of an ordinance proposed by Councilwoman Nancy Simon, reporting of her to a licensing agency, filing of complaints with the police, and photography of police conduct. First, Abella's complaint alleges that Valls refused to file a police report about the president of Abella's condominium association "passing out flyers with libel information against" him. Abella's complaint alleges that "Valls's statement that 'if Ms. Simon paid this person to pass [t]hese flyers out and . . . has all the right to do it' implicates that Officer Valls might have had knowledge of what was going on." Second, Abella's complaint alleges that Del Valle issued a parking citation to Abella when his car had been in "his parking space" inside his private condominium complex. Third, Abella's complaint alleges that Salazar

2

issued a parking ticket to Abella when he "pick[ed] up public records [at] Town Hall and . . . parked in front of the building where there were other cars parked." Abella's complaint alleges that Salazar said he had been ordered to issue the ticket by Major Frank Bocanegra; Bocanegra "laughed when he saw [Abella]" at Town Hall; "[a]fter a couple of days" Bocanegra and Captain J. Alongi "reviewed . . . and decided to rip off the ticket"; and, "[a] few days later," Salazar said that "Bocanegra . . . knew how far he could do wrong without getting caught."

To survive a motion to dismiss, a plaintiff who complains of retaliation for exercising rights protected by the First Amendment must allege "first, that his speech or act was constitutionally protected; second, that the defendant's retaliatory conduct adversely affected the protected speech; and third, that there is a causal connection between the retaliatory actions and the adverse effect on speech." Bennett v. Hendrix, 423 F.3d 1247, 1250 (11th Cir. 2005). The First Amendment protects the rights of speech, to petition for redress, U.S. Const. Amend. I; United Mine Workers of Am. v. Ill. State Bar Ass'n, 389 U.S. 217, 222, 88 S. Ct. 353, 356 (1967), and to photograph police activities, Smith v. City of Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000). To establish a causal connection, the plaintiff must allege that the protected conduct was the

3

"motivating factor behind the defendants' actions." Smith v. Mosley, 532 F.3d 1270, 1278 (11th Cir. 2008).

Abella's complaint fails to allege that Valls, Del Valle, or Salazar retaliated against Abella for exercising his rights under the First Amendment. Abella's complaint alleges that Valls only "might have had knowledge" of an alleged scheme to stifle Abella's protected conduct. See id. And Abella's complaint does not allege that his protected conduct motivated Del Valle to issue the parking citation. See id. Although Abella's complaint alleges that Salazar knew Bocanegra was bent on harassing Abella, those facts fail to establish that Salazar ticketed Abella in retaliation for his protected conduct. See id. The district court erred when it based its decision on the collective actions of all defendants instead of deciding whether these three officers were entitled to qualified immunity based on the allegations about each of them. Valls, Del Valle, and Salazar are entitled to dismissal of the three counts about retaliation in the complaint against them based on qualified immunity.

We **VACATE** that portion of the order that denied the motions to dismiss of Valls, Del Valle, and Salazar, and we **REMAND** with instructions to dismiss the counts about retaliation in the complaint against the three officers based on qualified immunity.

4

**VACATED AND REMANDED WITH INSTRUCTIONS.**

5