[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12372
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-23696-CMA

E-YAGE BOWENS,

Plaintiff - Appellant,

versus

SUPERINTENDANT OF MIAMI SOUTH
BEACH POLICE DEPARTMENT,
ARRESTING OFFICERS OF MIAMI SOUTH
BEACH POLICE DEPARTMENT,
CITY OF MIAMI,
CERTAIN OFFICERS OF MIAMI SOUTH BEACH
POLICE DEPARTMENT,
whose true identities are unknown to plaintiff,
all in their official and individual capacities,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 19, 2014)

Before WILSON, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

E-Yage Bowens, pursuing this appeal *pro se*, contends the district court erred in dismissing his civil rights complaint *sua sponte* for failure to state a claim. After careful review, we affirm in part, vacate in part, and remand.

I.

On October, 11, 2012, Bowens filed a sworn complaint under 42 U.S.C. § 1983, proceeding *pro se* and *in forma pauperis*. Earlier in the month, Bowens alleged, he was covering mistreatment of citizens by Miami South Beach Police Department officers as a freelance photojournalist for an independent media outlet. He alleged that he photographed an arrest from two blocks away while "on a public street." "[T]o observe the remaining elements of [the] scene," Bowens moved to a "sidewalk adjacent to the activity as [a] suspect was placed in a" police vehicle. When officers at the scene observed him, Bowens alleged, they approached him "covering their badges [and] demanded to see [his] camera." Bowens refused to turn the camera over "without a warrant." In response, officers tried forcibly to seize the camera, damaging it, then drew their weapons, cuffed Bowens, and transported him to a police station against his will. Police left several thousands of dollars of Bowens's photographic equipment at the scene, which he claims he never recovered. At the station, Bowens alleged, officers erased the

2

images he had taken.  Bowens named as defendants the Miami South Beach Police Department's Superintendent, the City of Miami, "The Arresting Officer(s)," and "Certain [other] Officers . . . whose true identities are unknown . . . ."  He did not specifically mention *which* federal rights he claimed these defendants' actions violated.

A magistrate judge recommended, for several reasons, that Bowens's claim be dismissed as frivolous and for failure to state a cognizable constitutional claim. Bowens objected, stating he was raising Fourth Amendment excessive force and false arrest claims along with a claim that the arresting officers violated his First Amendment rights as a member of the press.  The district court dismissed Bowens's complaint despite his objections because "his requests for relief [did] not appear to refer to [these] rights" specifically.  But the court gave Bowens leave to amend to "clarify the dates of the alleged wrongful acts" and "also expressly state the constitutional rights he asserts [were] violated."

Bowens timely filed a document entitled "amended complaint" stating that he was arrested without probable cause, that police used excessive force, that police unlawfully seized his camera and the pictures on it, that the resisting arrest ordinance his arrest was based upon was unconstitutionally overbroad, and that his First Amendment rights were violated when police "illicitly interfer[ed] with [his] constitutional right to gather, report, and photograph news events."  The magistrate

3

judge once again recommended dismissal, concluding Bowens's excessive force claim failed because he listed no injury,[1] his claims against the City failed because he alleged no unconstitutional pattern or practice, and his false arrest and First Amendment claims failed because he did not provide the names of the officers involved.   Bowens objected, arguing that he could not obtain the names of the arresting officers because he was incarcerated on an unrelated offense and that he pleaded sufficient facts to state excessive force, false arrest, and First Amendment claims.[2]   He certified that he gave his objections to prison mail staff on March 29, prior to the April 4 deadline for them, but they did not reach the district court until April 11.  Before receiving the objections, however, the district court adopted the magistrate judge's recommendation and dismissed Bowens's complaint.  Upon belatedly receiving the objections, the court construed them as a motion for reconsideration and concluded they did "not demonstrate any manifest error of law requiring reconsideration" of the dismissal.  This is Bowens's appeal.

## II.

We review the dismissal of a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim using the same standards we apply under Federal Rule of

---

[1] Because Bowens alleged excessive force in his arrest for a charge that was dropped, the magistrate judge's partial reliance for this conclusion on 42 U.S.C. § 1997e(e) was patently erroneous.  That section relates only to civil actions "brought by a prisoner . . . for mental or emotional injury suffered while in custody," and thus is entirely inapposite to the claims of excessive force in the arrest of a free citizen that Bowens alleged in his complaint.

[2] The magistrate judge did not specifically address Bowens's overbreadth or warrantless seizure of property claims.

Civil Procedure 12(b)(6). *Douglas v. Yates*, 535 F.3d 1316, 1319-20 (11th Cir. 2008). That is to say, we conduct a *de novo* review of such a dismissal, accepting all factual allegations in a complaint as true and construing them in the light most favorable to the plaintiff. *Id.* A plaintiff need only plead enough facts to show his entitlement to relief is not merely speculative. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). Complaints filed by *pro se* litigants like Bowens are held to an even less stringent standard and construed even more liberally. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotation marks omitted). We may affirm on any basis that appears in the record, regardless of whether the district court relied upon it. *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012).

## III.

After carefully examining Bowens's allegations, we conclude the district court made several errors in dismissing Bowens's complaint. Nonetheless, we conclude there are bases upon which to affirm the dismissal of Bowens's claims against several of the defendants he named. With respect to the remaining defendants, however, we vacate the dismissal, except as to Bowens's claim that the

5

police used excessive force.  We first address those portions of the court's dismissal that we affirm and then turn to the parts we cannot.

A.

The district court was correct to dismiss Bowens's claims as to the City of Miami.  A municipality is liable under § 1983 only where it causes the constitutional violation at issue, which means Bowens was required to plead a policy, practice, or custom that caused the violations he alleged.  *Doe v. Sch. Bd. of Broward Cnty., Fla.*, 604 F.3d 1248, 1263-64 (11th Cir. 2010).  After carefully reviewing Bowens's initial and amended complaints, we cannot find any allegation that would satisfy that requirement.

Bowens's claims against the Superintendent of the Miami South Beach Police Department are also unsustainable.  Supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them.  *See Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010).  Bowens did not allege the Superintendent was present and has argued in his briefing only that the Superintendent should be liable because of his supervisory position.  That is not adequate.  Nowhere in Bowens's complaints can we find any allegation that would plausibly support an inference the

Superintendent was involved in the alleged violation of Bowens's constitutional rights in a manner that would render him liable under § 1983.

Finally, the district court was also correct to dismiss Bowens's claims as to "Certain Officers . . . whose true identities are unknown to plaintiff[]." Unlike the "Arresting Officers" Bowens also named, no allegations in his complaint describe what actions against Bowens these unknown officers took. Nor is there any indication who these officers are that would permit us to conclude they could be served or that Bowens could learn the names of these officers during discovery. *See Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). Moreover, in his second set of objections, Bowens described that class of officers as "all current officers on active duty," as distinguished from the arresting officers "who deprived plaintiff of his federally protected rights." His filings, therefore, indicated that he was not alleging any officer in that "Certain Officers" category violated his rights or even interacted with him in anyway. Bowens has no legal claim against an officer who has not harmed him in any fashion. Any error in the district court's dismissal of his claims against those officers was invited. *See F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 65 (11th Cir. 2013) ("[I]t is waiver in the truest sense when a party goes beyond failing to raise a relevant argument and in fact affirmatively relies on a standard that they now argue is erroneous." (alteration and internal quotation marks omitted). He therefore has not stated a claim against the

7

"Certain Officers," and the district court correctly dismissed his claims against them.

B.

Although the district court was correct to dismiss Bowens's claims against those defendants, the court wrongly dismissed Bowens's First and Fourth Amendment claims against the officers who arrested him. First, the district court erred in construing Bowens's objections to the magistrate judge's second recommendation as a motion for reconsideration. Bowens certified he delivered it to prison authorities several days before the deadline, and "[u]nder the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Because his objections were timely, the court should have conducted a *de novo* review of the magistrate judge's recommendation, rather than looking only for a "clear error . . . on the face of the record."

The district court also erred in concluding that the "Arresting Officers" were not proper defendants. "It is important to distinguish suing fictitious parties from real parties sued under a fictitious name. There may be times when, for one reason or another, the plaintiff is unwilling or unable to use a party's real name." *Dean*, 951 F.2d at 1215 (internal quotation marks omitted). Particularly when a plaintiff proceeds *pro se* and is encumbered by incarceration, we have explained that a

8

claim may be maintained against unnamed defendants where allegations in the complaint make clear the plaintiff could uncover the names through discovery. *Id.* at 1215-16. Bowens's identification of "[t]he Arresting Officer(s) of Miami South Beach Police Department," when liberally construed along with the rest of his allegations, is one of those instances.

Third, neither the district court nor the magistrate judge addressed Bowens's warrantless unreasonable seizure of property or overbreadth claims, beyond simply labeling the former as a tort claim Bowens could only bring in state court. Although we may affirm the dismissal on any basis in the record, we do not find that these claims are facially either frivolous or so improbable as to warrant dismissal. *See City of Houston, Tex. v. Hill*, 482 U.S. 451, 453 (1987) (invalidating as substantially overbroad ordinance that made it unlawful merely to interrupt a police officer); *Case v. Eslinger*, 555 F.3d 1317, 1326-28 (11th Cir. 2009) (entertaining Fourth Amendment claim for illegal seizure of property, although affirming summary judgment as to it because probable cause existed).

Finally, the district court erred in concluding insufficient factual allegations supported Bowens's unlawful arrest and First Amendment claims. [3] Bowens

---

[3] To the extent the district court relied in its erroneous rejection of Bowens's "motion for reconsideration" on the fact that Bowens's amended complaint lacked the factual detail included in his original complaint (which was sworn under penalty of perjury), we conclude that is inconsistent with the generous reading *pro se* pleadings should be accorded. *See Bingham*, 654 F.3d at 1175. After dismissing his sworn complaint, the district court directed Bowens to file an amended complaint that specifically identified which of his rights he claimed were violated and

9

alleged that he was arrested at gunpoint by several officers merely for being at the scene of the arrest of another individual and refusing to turn over his camera and that officers deleted photographs he took as a photojournalist on a public street of alleged police misbehavior. "A warrantless arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim." *Kingsland v. City of Miami*, 382 F.3d 1220, 1226 (11th Cir. 2004). An arrest on a public street simply for refusal to turn over personal property on demand is a plausible basis for such a claim. Nor do we doubt that a member of the press plausibly states a First Amendment violation by alleging he was arrested for taking photographs of alleged police misconduct and police then deleted the photographs he took. Citizens have "a First Amendment right, subject to reasonable time, manner and place restrictions, to photograph or videotape police conduct." *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000). "The First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." *Id.* Just as the

---

on what dates. Bowens complied in full. In doing so, he listed no prayer for relief, no jury demand, and no parties. Clearly, Bowens considered this document to be an "amendment" to his original, sworn complaint, but mislabeled it an "amended complaint." Indeed, in the penultimate paragraph Bowens called the document his "motion" that he "move[d] th[e] court to grant . . . ." Due to his lack of familiarity with the niceties of civil procedure, Bowens failed specifically to incorporate his first complaint by reference or clarify expressly his intent that the document was intended only as an amendment. Reading his pleadings liberally, we do not believe it appropriate to penalize him for this oversight. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Day v. Hall*, 528 F.3d 1315, 1317 (11th Cir. 2008) (construing a *pro se* filing mislabeled "petition for judicial review" as a petition for mandamus "pursuant to our court precedent of liberally construing pro se pleadings").

10

plaintiffs in *Smith* had a right to film Cumming police in a public place, so too Bowens had a right to photograph Miami South Beach police that, accepting his allegations as true, the arresting officers violated.

Bowens's excessive force claim is another matter. He does not contend that the amount of force police used in effectuating his arrest would be unlawful even if the arrest itself was valid. "[A]ny force used in an illegal arrest is necessarily excessive," but "a claim that any force in an illegal . . . arrest is excessive is subsumed in the illegal . . . arrest claim and is not a discrete excessive force claim" *Bashir v. Rockdale Cnty., Ga.*, 445 F.3d 1323, 1331-32 (11th Cir. 2006) (internal quotation marks omitted). Each of Bowens's allegations suggesting that officers used force, that they drew weapons and attempted to take his camera, relate expressly to his claims that both the seizure of his camera and his arrest were unlawful. Any injury from the force used in seizing Bowens's camera and arresting him would simply be included as damages arising from his other Fourth Amendment claims. *See Jackson v. Sauls*, 206 F.3d 1156, 1170-71 & n.19 (11th Cir. 2000). We therefore affirm the dismissal of Bowens's excessive force claim because it is subsumed in his illegal seizure and false arrest claims.

## IV.

For the foregoing reasons, we affirm the district court's dismissal of Bowens's claims against the City of Miami, the Superintendent of the Miami South

11

Beach Police Department, and "Certain Officers of Miami South Beach Police Department whose true identities [were] unknown" to him.  We also affirm the dismissal of Bowens's excessive force claim, to the extent he pleaded it as distinct from his other Fourth Amendment claims.  With respect to the remainder of Bowens's claims against the "Arresting Officer(s) of Miami South Beach Police Department," we vacate the dismissal and remand for further proceedings consistent with this opinion.

**AFFIRMED in part, VACATED in part, and REMANDED.**