[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11030

Non-Argument Calendar

_____

ERIC WATKINS,

                                                    Plaintiff-Appellant,

*versus*

FORT LAUDERDALE POLICE OFFICER,
unknown name,
CITY OF FORT LAUDERDALE,
OFFICER ERIC GOOD # 1538,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:21-cv-60081-RS

————————————

Before LAGOA, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, appeals the district court's order dismissing his 42 U.S.C. § 1983 action. Watkins brought section 1983 claims alleging First and Fourteenth Amendment violations against Fort Lauderdale Police Officer Eric Good and the City of Fort Lauderdale. The district court granted Officer Good's motion to dismiss based on qualified immunity and Watkins's failure to state a claim. The district court dismissed Watkins's claim against Fort Lauderdale under 28 U.S.C. § 1915(e). After careful review, we affirm.

**I.**

According to the operative complaint, Watkins was sitting in his car in the parking lot of a United States Post Office singing "an antigay song." Officer Good was sitting in a parked car in the same parking lot. An hour later, Officer Good exited his police car with a dog and began to walk through the parking lot. Watkins continued to sing and began to video record Officer Good.

Officer Good "became angry" and "shined his light at" Watkins and ordered Watkins not to video record him. Watkins ignored Officer Good's order and continued to sing and video record.

Officer Good walked around Watkins's car "and allowed his dog to climb up on the door and glass of the passenger side of [Watkins's] car." Watkins "continued to sing the antigay song" and video record Officer Good.

When Officer Good "realized that [Watkins] was not going to stop singing" and video recording, he walked around Watkins's car to the driver's side and "stood there with his dog watching [Watkins] in an angry menacing manner." Watkins stopped singing and asked Officer Good what the problem was. Officer Good told Watkins to "get your car moving and go right now." When Watkins asked why, Officer Good told him that "this is not a public parking lot. You need to leave right now and don't come back here again." Watkins "then asked" Officer Good if he was "trespassing me from the post office parking lot." Officer Good "nodded his head indicating yes." Watkins left the parking lot and never returned.

Watkins also alleges that at some time before that incident he had a similar encounter with Officer Good. Watkins alleges that he was sitting in his car in the post office parking lot singing the same antigay song and Officer Good was leaving the parking lot in his police car. Officer Good shined a light on Watkins and told him that he would "permanently trespass" him the next time Watkins returned to the parking lot to sing and video record. Watkins ignored Officer Good and continued to sing and video record. Watkins alleges that he did not see Officer Good "for a long time" until the main incident that spawned this litigation.

Watkins asserts three claims in his amended complaint under section 1983. In Count I, Watkins alleges that Officer Good retaliated against him for exercising his First Amendment rights. In Count II, Watkins alleges that Officer Good—in his official capacity—violated his due process rights under the Fourteenth Amendment. Watkins also asserts that the two Fort Lauderdale ordinances under which Officer Good allegedly issued his trespass warning to Watkins—sections 16-26 and 16-71(c)(2)—are unconstitutional because they do not provide an opportunity for a person to contest the trespass warning. In Count III, Watkins alleges that the City violated his due process rights under the Fourteenth Amendment.

Officer Good moved to dismiss Watkins's amended complaint, and the district court granted that motion. The district court held that Officer Good was entitled to qualified immunity on Watkins's First Amendment claim. The district court further concluded that Watkins's due process claim failed to state a claim against Officer Good under Federal Rule of Civil Procedure 12(b)(6). And the district court dismissed the due process claim against Fort Lauderdale under 28 U.S.C. § 1915(e).

Watkins filed a timely notice of appeal.

## II.

"We review de novo a district court's decision to grant or deny the defense of qualified immunity on a motion to dismiss, accepting the factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003).

"We review *de novo* a district court's order granting a motion to dismiss for failure to state a claim." *EEOC v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019).

"[W]e review *de novo* a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted." *Leal v. Ga. Dep't of Corrs.*, 254 F.3d 1276, 1278 (11th Cir. 2001).

We review "a district court's decision to grant or deny leave to amend for abuse of discretion." *Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1404 (11th Cir. 1994). "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (quotation marks omitted). "While motions to amend are committed to the sound discretion of the district court, this discretion is strictly circumscribed by the proviso that leave shall be freely given when justice so requires." *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988) (quotation marks omitted).

All litigants in federal court—*pro se* or counseled—are required to comply with the applicable procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). "We hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Although we construe *pro se* pleadings liberally, "this leniency does not give a court license to serve as de

facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Id.* at 1168-69 (quotation marks omitted).

### III.

#### A.

First, Watkins argues that the district court erred in concluding that Officer Good is entitled to qualified immunity on Watkins's First Amendment claim.

Qualified immunity is an affirmative defense that shields government officials from civil liability in their individual capacities when the government official acted within the scope of his discretionary authority and the official's conduct did not violate clearly established statutory or constitutional rights. *Kesinger ex rel. Est. of Kesinger v. Herrington*, 381 F.3d 1243, 1247–48 (11th Cir. 2004). Although "the defense of qualified immunity is typically addressed at the summary judgment stage," it may be "raised and considered on a motion to dismiss." *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002). The proper inquiry is whether "the complaint fails to allege the violation of a clearly established constitutional right." *Id.* (quotation marks omitted).

To invoke qualified immunity, a public official must first establish that he was acting within the scope of his discretionary authority. *Maddox v. Stephens*, 727 F.3d 1109, 1120 (11th Cir. 2013). Here, Officer Good argues—and Watkins does not dispute—that

he was acting within the scope of his discretionary authority as a police officer when he issued the warning to Watkins.

Because Officer Good was acting within the scope of his discretionary authority, the burden shifts to Watkins to demonstrate that qualified immunity is inappropriate. *Maddox*, 727 F.3d at 1120. To overcome the defense of qualified immunity, a plaintiff must establish: (1) "the defendant's conduct violated a statutory or constitutional right," and (2) "the violation was clearly established." *Skop v. City of Atlanta*, 485 F.3d 1130, 1137 (11th Cir. 2007) (quotation marks omitted).

A right can be clearly established in one of three ways. *Crocker v. Beatty*, 995 F.3d 1232, 1240 (11th Cir. 2021). The plaintiff must point to either (1) "case law with indistinguishable facts clearly establishing the constitutional right"; (2) "a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right"; or (3) "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1291–92 (11th Cir. 2009). "[O]nly decisions of the United States Supreme Court, this Court, or the highest court in a state can clearly establish the law." *Crocker*, 995 F.3d at 1240 (quotation marks omitted). "Unpublished cases . . . do not serve as binding precedent, and cannot be relied upon to define clearly established law." *J W by & through Tammy Williams v. Birmingham Bd. of Educ.*, 904 F.3d 1248, 1260 n.1 (11th Cir. 2018) (citation omitted). When the plaintiff relies on a general rule to show that the law is clearly established, it

must "appl[y] with obvious clarity to the circumstances." *Long v. Slaton*, 508 F.3d 576, 584 (11th Cir. 2007) (quotation marks omitted).

Watkins argues that it is "clearly established" that he had a "First Amendment right to sing[  ] the antigay song in a public forum." But even if we assume that Watkins asserts a viable First Amendment claim, Officer Good is still entitled to qualified immunity because Watkins fails to sufficiently allege facts to support the conclusion that Officer Good violated a clearly established right when he told Watkins to leave the post office parking lot. Watkins cites only one decision to support his argument that Officer Good violated clearly established law—*Watkins v. Bigwood*, 797 F. App'x 438 (11th Cir. 2019). But *Bigwood* is an unpublished decision, and thus it cannot clearly establish the law for qualified immunity purposes. *J W by & through Tammy Williams*, 904 F.3d at 1260 n.1.

Watkins similarly cannot establish that Officer Good violated "a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right" or that he engaged in "conduct so egregious that a constitutional right was clearly violated, even in the total absence of case law." *Lewis*, 561 F.3d at 1291–92. In fact, the applicable constitutional principles and caselaw favor Officer Good's position. In terms of a First Amendment forum analysis, the Supreme Court has held that a sidewalk from the parking lot to the door of a post office was not a traditional public forum because it "was constructed solely to assist postal patrons to negotiate the space between the parking lot and

the front door of the post office, not to facilitate the daily commerce and life of the neighborhood or city." *United States v. Kokinda*, 497 U.S. 720, 727–28 (1990) (plurality opinion). And government restriction of speech in a nonpublic forum "is examined only for reasonableness." *Id.* at 727. We view Officer Good's command for Watkins to leave the post office parking lot as a reasonable one. The parking lot exists so that the public may make use of the post office—something that Watkins never alleges he had any intention of doing. We cannot say that Officer Good's conduct violated any broad constitutional principle, nor was it so egregious that it obviously violated Watkins's constitutional rights.

Similarly, Watkins argues that he had the First Amendment right "to video record [Officer Good]." But like his argument regarding his singing, Watkins fails to establish that Officer Good violated clearly established law.

Watkins relies on *Smith v. City of Cumming*, 212 F.3d 1332 (11th Cir. 2000), for the proposition that "the right to video record police conduct in public places is a First Amendment [r]ight that is clearly established." In *Smith*, we held that "[t]he First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." 212 F.3d at 1333. We further held that there is a "First Amendment right, subject to reasonable time, manner and place restrictions, to photograph or videotape police conduct." *Id.*

In *Crocker*, we clarified the outer boundary of *Smith*'s broad holding. 995 F.3d 1232. There, a plaintiff stopped on the shoulder

of an interstate highway to take photos at the scene of a fatal car accident. *See id.* at 1237–39. A police officer confiscated the plaintiff's phone and arrested him after he refused to leave the scene. *Id.* We observed that it was "decidedly *not* obvious that *Smith*'s general rule applie[d] to the specific situation" in *Crocker* because "*Smith*'s declaration of a right to record police conduct came without much explanation." *Id.* at 1240–41 (quotation marks omitted). And because *Smith* "provided few details regarding the facts of the case," that "ma[de] it difficult to determine the context of the First Amendment right it recognized." *Id.* at 1241 (quotation marks omitted). We held that "*Smith*'s reference to reasonable time, manner and place restrictions" referred to traditional public forums or designated public forums. *Id.* at 1242 (quotation marks omitted). We affirmed the trial court's grant of summary judgment for the police officer on the plaintiff's First Amendment claim on qualified-immunity grounds because the law underlying the plaintiff's First Amendment claim was not clearly established. *Id.* at 1237, 1240.

When we read *Smith* in the light of *Crocker*, *Smith* cannot clearly establish that Officer Good violated Watkins's constitutional rights by telling him to leave the post office parking lot while Watkins video recorded. As discussed above, precedent suggests that the post office parking lot is a nonpublic forum. *See Kokinda*, 497 U.S. at 727–28. Because "*Smith*'s reference to reasonable time, manner and place restrictions . . . calls to mind either a traditional public forum . . . or a designated public forum," it cannot clearly establish the law for a nonpublic forum like the post office parking lot. In other words, *Smith* would not place Officer Good—or any

reasonable officer in his position—on notice that his actions violated a clearly established right. We therefore conclude that Officer Good is entitled to qualified immunity on Watkins's First Amendment claim.

*B.*

Second, Watkins argues that the district court erred when it dismissed his Fourteenth Amendment due process claim. We agree with the district court that Watkins "failed to state a claim against [Officer] Good in his official capacity."

To overcome a Rule 12(b)(6) motion to dismiss, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim is facially plausible when the plaintiff pleads sufficient facts to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *STME, LLC*, 938 F.3d at 1313 (quotation marks omitted).

"When suing local officials in their official capacities under § 1983, the plaintiff has the burden to show that a deprivation of constitutional rights occurred as a result of an official government policy or custom." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (footnote omitted); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Moreover, "[o]nly those officials who have final

policymaking authority may render the municipality liable under § 1983." *Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1996).

Watkins's claim against Officer Good fails because Watkins fails to allege that Officer Good—as a police officer—had any "final policymaking authority." *Hill*, 74 F.3d at 1152. As a result, Watkins has no plausible claim against Officer Good in his official capacity.

C.

Third, Watkins argues that the district court erred in dismissing his Fourteenth Amendment due process claim against Fort Lauderdale for failure to state a claim under 28 U.S.C. § 1915(e). Under 28 U.S.C. § 1915(e)(2)(ii), when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss a case at any time" if it determines that the action "fails to state a claim on which relief may be granted."

"A § 1983 action alleging a procedural due process clause violation requires proof of three elements: a deprivation of a constitutionally-protected liberty or property interest; state action; and constitutionally inadequate process." *Doe v. Fla. Bar*, 630 F.3d 1336, 1342 (11th Cir. 2011) (quoting *Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)). We agree with the district court that the statutes at issue—sections 16-26(a) and 16-71(c)(2)—do not apply to Watkins's amended complaint.

Section 16-26(a) is a trespassing ordinance that applies to "city-owned real property." Fort Lauderdale, Fla., Code of Ordinances, § 16-26. And section 16-71(c)(2) provides a definition for

"trespass" for the offense of disorderly conduct. *Id.* § 16-71(c)(2). Neither of those ordinances applies to the facts Watkins alleges. Watkins did not allege that the post office parking lot was city-owned real property. And section 16-71(c)(2) refers to the offense of disorderly conduct, which Watkins does not allege he was charged with. And even if one or both of those ordinances did apply to Watkins's facts, the Fort Lauderdale code provides for a trial before any person is punished for a code violation. *See* Fort Lauderdale, Fla., Code of Ordinances § 1-6(c) ("[A] person *convicted* of a violation of this Code[ ] shall be punished . . . ."). Therefore, Watkins cannot establish constitutionally inadequate process. *See Doe*, 630 F.3d at 1342.

### D.

Fourth, and finally, Watkins argues that the district court abused its discretion when it failed to consider his request to amend his complaint. In the alternative, he contends that the district court should have *sua sponte* allowed him to further amend his complaint. Both arguments fail.

First, Watkins never filed a motion to amend his complaint. Instead, "where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Cita Tr. Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (quotation marks and alteration omitted). "Rather, a plaintiff who wishes to amend his complaint must file a motion seeking leave to do so." *Doe v. Emory Univ.*, 110 F.4th 1254, 1263 n.3 (11th Cir. 2024). Watkins never requested

leave from the district court to amend his complaint. Instead, Watkins's request to amend his complaint was hidden within his opposition brief to Officer Good's motion to dismiss. Accordingly, the district court properly rejected any request to amend the complaint.

And second, the district court here had no obligation to *sua sponte* provide Watkins with leave to amend his complaint. "Our cases make clear that a *pro se* plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice—at least, that is, where a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quotation marks and alterations omitted). But "amendment is *not* warranted . . . if a more carefully drafted complaint could not state a claim" *Id.* at 1133 (quotation marks omitted).

Here, the district court had already provided Watkins two opportunities to amend his complaint. And Watkins's proposed amendments would be futile. Watkins argues that he should have been allowed to add facts "showing that the post office parking lot was a public forum." Watkins would have alleged that the post office was not open and that the parking lot was open to the public. Even when considering those proposed facts, none of his claims would have survived the motion to dismiss stage.

## IV.

We **AFFIRM.**