[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11203

_____

STEVEN R. DEWITT,

Plaintiff-Appellant,

*versus*

UNKNOWN PERSON, et. al.,

Defendants,

CERESSA HANEY,
Supervisor,
TRENT SEXTON,
Police Officer,
MELANIE PRETTI,
Police Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cv-00340-AW-MAF

_____

Before NEWSOM, BRASHER, and WILSON, Circuit Judges.

PER CURIAM:

Steven DeWitt appeals the dismissal of his 42 U.S.C. § 1983 complaint alleging the violation of his First Amendment rights stemming from an event in which he contends Probation Supervisor Ceressa Haney prevented him from conducting a "First Amendment audit" inside a probation office and then subsequently had him escorted from the premises by Officers Trent Sexton and Melanie Pretti.[1]  Relying primarily on our decision in *Smith v. City of Cumming,* 212 F.3d 1332 (11th Cir. 2000), DeWitt asserts that the defendants violated his First Amendment right to film inside a state probation office.  *Smith*, he says, stands for the proposition that citizens have a clearly established right to gather information about

_____

[1] Dewitt has been superbly represented on appeal by Christian Tyrone Quarles and Carson W. Freund, both students in the Appellate Advocacy Clinic at the University of Alabama School of Law.  We thank Messrs. Quarles and Freund for their service, not only to their client but also to the Court.

what public officials do on public property and to record matters of public interest.  After careful review, and with the benefit of oral argument, we affirm the district court's decision.[2]

When ruling on a motion to dismiss, we accept "the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiffs favor."  *Keating v. City of Miami,* 598 F.3d 753, 762 (11th Cir. 2010).  To avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

Qualified immunity shields officials from civil liability "so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Mullenix v. Luna,* 577 U.S. 7, 11 (2015) (quotation marks and citations omitted).  To be entitled to qualified immunity, the defendant officials must first show they acted within their discretionary authority.  *Lewis* v. *City of W. Palm Beach,* 561 F.3d 1288, 1291 (11th Cir. 2009). DeWitt concedes that the defendants here were acting within their discretionary authority.  Thus, the burden shifts to DeWitt to "show that qualified immunity is not appropriate."  *Lee* v. *Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002).

---

[2] We "review the denial of a Rule 12(b)(6) motion to dismiss on qualified or official immunity grounds *de novo,* applying the same standard as the district court."  *Gates v. Khokhar,* 884 F.3d 1290, 1296 (11th Cir. 2018).

To overcome qualified immunity, the plaintiff must allege facts establishing two things: (1) that there was a violation of a constitutional right by the defendant official and (2) that the constitutional right violated was "clearly established" at the time of the alleged misconduct. *Jacoby* v. *Baldwin Cnty.,* 835 F.3d 1338, 1344 (11th Cir. 2016). We may affirm a grant of qualified immunity by addressing either prong or both. *Id.*

As to the second prong, the contours of the constitutional right at issue must be so clear "that every objectively reasonable official standing in the defendant's place would be on notice that what the defendant official was doing would be clearly unlawful given the circumstances." *Long v. Slaton,* 508 F.3d 576, 584 (11th Cir. 2007). The right "must be well-established enough that every reasonable official would have understood that what he is doing violates that right," and "existing precedent must have placed the statutory or constitutional question *beyond debate* and thus given the official fair warning that his conduct violated the law." *Gates,* 884 F.3d at 1296 (quotation marks and citations omitted); *see Mullenix, 577* U.S. at 12 ("The dispositive question is whether the violative nature of *particular* conduct is clearly established." (quotation marks and citation omitted)).

"[A] right can be clearly established in one of three ways." *Crocker v. Beatty,* 995 F.3d 1232, 1240 (11th Cir. 2021). The plaintiff must point to either "(1) case law with indistinguishable facts, (2) a broad statement of principle within the Constitution, statute, or case law, or (3) conduct so egregious that a constitutional right was

clearly violated, even in the total absence of case law." *Id.* (quotation marks and citation omitted). When the plaintiff relies on a general rule to show the law is clearly established, it must apply with "obvious clarity to the circumstances." *Long,* 508 F.3d at 584 (quotation marks and citation omitted).

In *Smith v. City of Cumming,* we stated that "[t]he First Amendment protects the right to gather information about what public officials do on public property, and specifically, a right to record matters of public interest." 212 F.3d at 1333. We further stated that there is a "First Amendment right, subject to reasonable time, manner and place restrictions, to photograph or videotape police conduct." *Id.*

In *Crocker* v. *Beatty,* though, we clarified the outer boundary of *Smith*'s broad holding in a case involving a plaintiff who stopped on the shoulder of an interstate highway to photograph law-enforcement at the scene of a fatal car accident. *See* 995 F.3d at 1237–38, 1240–41. We noted that it was "decidedly *not* obvious that *Smith*'s general rule applies to the specific situation in question" in *Crocker* because "*Smith*'s declaration of a right to record police conduct came without much explanation." *Id.* at 1240-41 (quotation marks and citation omitted). We further emphasized that *Smith* "provided few details regarding the facts of the case, making it difficult to determine the context of the First Amendment right it recognized." *Id.* at 1241 (quotation marks and citation omitted). Importantly here, we explained that the "dearth of detail about the contours of the right announced in *Smith* undermines any claim

that it provides officers 'fair warning' under other circumstances." *Id.*

DeWitt relies on "a broad statement of principle within the Constitution, statute, or case law" to argue he had a clearly established right to film inside a state probation office. *Id.* at 1240 (citation omitted). Based primarily on *Smith*, he argues that he had a clearly established right to record matters of public interest and public officials on public property—and thus, he says, to conduct a "First Amendment audit" of a probation office. *See Smith,* 212 F.3d at 1333. Our ensuing decision in *Crocker*, though, explained that the language in *Smith* was too broad to clearly establish a First Amendment right to record police officers on the side of a highway. 995 F.3d at 1240–41. So too here. There are no details or facts in *Smith* that would communicate to any reasonable officer that DeWitt had a First Amendment right to film in the probation office. *See Smith,* 212 F.3d at 1333. Because neither *Smith* nor any case from the Supreme Court or this Court is sufficiently analogous to make clear to any reasonable official in the defendants' positions that preventing a person from filming inside the lobby of a probation office would violate that person's constitutional rights, DeWitt has failed to allege the violation of a clearly established right. Therefore, Haney and Officers Sexton and Pretti are entitled to qualified immunity. *See Jacoby,* 835 F.3d at 1344. Accordingly, we affirm.[3]

---

[3] DeWitt separately contends that the district court improperly dismissed his request for declaratory and injunctive relief on mootness grounds; he asserts

23-11203              Opinion of the Court                7

**AFFIRMED.**

---

that this case falls into the capable-of-repetition-yet-evading-review exception for past harms. But DeWitt failed to plead in his complaint any facts to support the exception's application. Moreover, it is well settled that "[u]nder § 1983, a plaintiff cannot sue an official in [her] individual capacity for injunctive or declaratory relief." *Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1214 (10th Cir. 2022); *see also Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) ("In an individual capacity suit, a plaintiff may only seek monetary damages; in an official capacity suit, a plaintiff may only seek injunctive or declaratory relief."); *Wolfe v. Strankman*, 392 F.3d 358, 360 n.2 (9th Cir. 2004), *overruled on other grounds by Munoz v. Superior Ct. of L.A. Cnty.*, 91 F.4th 977 (9th Cir. 2024) (same). And the operative complaint here names the defendants only in their individual capacities.